[Department One.—May 30, 1883.]

## J. F. G. EGGERS, APPELLANT, v. P. H. HINK, RESPONDENT.

TRADE MARK—BUSINESS SIGNS.—The object of a trade-mark is to indicate by its own meaning, or by association, the origin or ownership of the article to which it is applied. A sign placed over a man's place of business with a row of beer barrels painted on it, and the letters "P. B." stamped on the head of the barrels, and the words "Depot of the Celebrated" placed above, and the words "Philadelphia Beer" placed below the barrels, would relate only to the description of the beverage dealt in by him, and cannot be protected as a trade mark.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco.

The facts are sufficiently stated in the opinion of the court.

*John H. Dickinson*, for Appellant, cited *Shaffer* v. *Korbell*, 9 Pac. C. L. J. 958; *Derringer* v. *Plate*, 29 Cal. 298; *Lawrence Manufacturing Co.* v. *Lowell Hosiery Mills*, 10 The Reporter, 809; *Fetridge* v. *Merchant*, Cox's Am. Trade Mark Cases, 194; *Burke* v. *Cassin*, 45 Cal. 469; *Falkinburg* v. *Lucy*, 35 Cal. 52; § 3199, Pol. Code; *Hier* v. *Abrahams*, 82 N. Y. 519; Coddington's Digest of Trade Mark, §§ 985, 261; Coddington's Digest of Trade Marks, § 1018.

*William Leviston* and *T. D. Riordan*, for Respondent, cited § 991 of the Civil Code; § 3196 of the Political Code; Browne on Trade Marks, § 143; *Amoskeag Co.* v. *Spear*, 2 Sandf. 605; *Amoskeag Co.* v. *Trainer*, The Reporter, Sept. 22, 1880; *Moorman* v. *Hoge*, 2 Sawy. 78; *Falkinburg* v. *Lucy*, 35 Cal. 65; *Choyinski* v. *Cohen*, 39 Cal. 501; *Burke* v. *Cassin*, 45 Cal. 467; *Wotherspoon* v. *Gray*, 36 Scot. Jur. 24; *Perry* v. *Truefitt*, 6

Beav. 72; *Kinney* v. *Birch*, Codd's Dig. Tr. M. Cases, 1037; *Raggett* v. *Findlater*, Law R. 17 Eq. 29; *Stokes* v. *Landgraff*, 17 Barb. 608; *Corwin* v. *Daley*, 7 Bosw. 222.)

PER CURIAM.—The action is to recover damages for a violation of the plaintiff's alleged trade-mark, and to restrain the use of it by the defendant in the future. The sufficiency of the complaint is the question for consideration. According to its averments the plaintiff is engaged in conducting a saloon business in the city and county of San Francisco, particularly for the sale of a certain kind of beer known as Philadelphia Beer; and what he seeks to protect as a trade-mark, and which is used by him as a sign over the doors of his place of business, and as a label for the beer bottled by him, consists of a row of beer barrels so painted upon the sign and printed upon the labels as to show the top-head and outline of each barrel, with the letters "P. B." indicating and standing for Philadelphia Beer, stamped or printed upon the head of each barrel, together with the words "Depot of the Celebrated" over, and the words "Philadelphia Lager Beer" below the row of barrels. The act of the defendant complained of is the erection by him over his place of business of a sign similar to that of the plaintiff, the chief difference being the insertion of the letters "F. B.," indicating and standing for "Fredericksburger Beer," in lieu of the letters "P. B.," and the insertion of the word "Fredericksburger" where the word "Philadelphia" appears on the sign and label of the plaintiff.

The object of a trade-mark is to indicate by its own meaning, or by association, the origin or ownership of the article to which it is applied. Section 991 of our Civil Code provides:—

"One who produces or deals in a particular thing, or conducts a particular business, may appropriate to his exclusive use, as a trade-mark, any form, symbol, or name, which has not been so appropriated by another, to designate the origin or ownership thereof, but he cannot exclusively appropriate any designation, or part of a designation, which relates only to the name, quality, or the description of the thing or business, or the place where the thing is produced, or the business is carried on." And by section 3196 of the Political Code it is declared:—

"The phrase 'trade-mark' as used in this chapter includes every description of word, letter, device, emblem, stamp, imprint, brand, printed ticket, label, or wrapper, usually affixed by any mechanic, manufacturer, druggist, merchant, or tradesman, to denote any goods to be imported, manufactured, produced, compounded, or sold by him, other than any name, word, or expression generally denoting any goods to be of some particular class or description."

We do not perceive that either the letters or words upon the plaintiff's sign or label, nor the device as a whole, in any manner indicated origin or ownership. A sign placed over a man's place of business with a row of beer barrels painted on it would indicate that he sold beer; the letters "P. B." stamped on the the head of the barrels, and the words "Depot of the Celebrated" placed above, and the words "Philadelphia Beer" placed below the row of barrels, would indicate that he sold Philadelphia Beer. It does not appear that the plaintiff is the manufacturer of the Philadelphia Beer nor the sole agent for its sale. For aught that appears any one else has as much right to sell Philadelphia Beer as the plaintiff. In our opinion the sign and label of the plaintiff relates only to the description of the beverage dealt in by him, and therefore cannot be protected as a trade-mark.

Judgment affirmed.