[Sac. No. 1282.    Department One.—September 29, 1904.]

## CONTINENTAL BUILDING AND LOAN ASSOCIATION, Respondent, v. EMMA A. BOGGESS et al., Appellants.

FORECLOSURE OF MORTGAGE—BUILDING AND LOAN ASSOCIATION—CASH SURRENDER VALUE OF SHARES—PLEADING—IRRELEVANT MATTER IN ANSWER.—In an action by a building and loan association to foreclose a mortgage, stipulating that upon default the mortgagee may apply the cash surrender value of the shares pledged as security, upon application of which such shares shall vest in the mortgagee, where the complaint alleges the cash surrender value of the certificate representing such shares, a portion of the answer not denying the cash surrender value alleged, but merely averring that the affairs of the corporation have been corruptly managed by one who is its secretary and manager, and that if its affairs had been properly managed the cash surrender value would be greater, is irrelevant, and was properly stricken out as such.

ID.—ANSWER SETTING UP DEFENSE—IRRELEVANT MATTER.—Where the answer, besides containing irrelevant and evidential matter, sets

forth a sufficient defense, only the irrelevant matter should be stricken out, and it is error to strike out the defense.

ID.—STRIKING OUT VERIFIED ANSWER AS SHAM.—A verified answer setting up a defense to the action was improperly stricken out as sham, where the answer was not shown to be unquestionably false in fact, and not pleaded in good faith.

ID.—NATURE OF DEFENSE—MORTGAGE ON MINING PROPERTY—PAYMENT OUT OF PROCEEDS.—Where the plaintiff's mortgage was upon mining property of the defendant, facts properly alleged in the answer showing an agreement that when plaintiff had realized sufficient money out of the mining property plaintiff would pay to the defendant an amount equaling the mortgage debt, and that plaintiff did realize the requisite sum of money, and thereby became equitably bound to apply it in payment of such debt, states a sufficient defense to the action of foreclosure.

APPEAL from a judgment of the Superior Court of Yuba County.   Eugene P. McDaniel, Judge.

The facts are stated in the opinion.

Frank M. Stone, for Appellants.

Gavin McNab, for Respondent.

CHIPMAN, C.—Foreclosure of mortgage executed to plaintiff by defendants Emma A. and Riley A. Boggess on certain property situated in the city of Marysville, Yuba County, to secure the payment of a promissory note for three thousand dollars.  Plaintiff had judgment, from which defendants appeal on bill of exceptions.  It was recited in the mortgage that the mortgagors, having subscribed for thirty shares of the capital stock of plaintiff corporation at the par value of one hundred dollars each, evidenced by certificate number 15,935, the mortgagors promised to pay to mortgagee said amount, in monthly installments of thirty cents per month, for each said share, on the 15th of each month, until fully paid by said payments and by the dividends and accumulations on said shares, and further to pay the monthly premium of eighteen dollars on said loan on the fifteenth day of each month, until said shares are fully paid.  And as further security for the payment of said promissory note and interest and the par value of said shares, mortgagors pledged the said shares, and in case of foreclosure of said mortgage or the non-payment of said promissory note or interest, or the said

installments as above set forth, or the premium, mortgagee "may apply, at its option, without notice to said mortgagors, the cash surrender value of said shares as provided in the by-laws of said corporation, . . . to the payment of said promissory note, and the said shares shall thereupon become the property of and vest in said mortgagee." Other provisions to cover advances, payment of taxes, and similar provisions usual to mortgages are set forth in the mortgage.

It is alleged in the complaint also that plaintiff did by resolution declare the whole of said note and mortgage due and payable and elected to foreclose the mortgage; that the advances, installments, and premiums on said loan from March 15, 1901, amount to $851.40; that the cash surrender value of said certificate No. 15,935 of plaintiff's said stock, pledged to plaintiff, was, on March 23, 1903, the day of passing said resolution declaring said note to be due, the sum of $18.41. Demand of payment and refusal is alleged, with usual prayer for sale of premises, etc.

Defendants answering admitted the execution of the note and mortgage set forth in the complaint; on information and belief denied that plaintiff passed the resolution above referred to; and on information and belief denied that plaintiff made any further advances, and denied that interest, installments, and premium on said loan amount to $851.40 or any other sum. Further answering the complaint, and particularly that portion which alleges the cash surrender value of said certificate No. 15,935, the answer, after alleging the existence of plaintiff corporation (which is but an admission of the allegation in the complaint), proceeds, in folios 65 to to folio 75, to set forth sundry matters which are apparently intended to show that the cash surrender value of said certificate should have been "largely in excess of the value of $18.41," if the affairs of the corporation had been properly and honestly managed. A motion was made by plaintiff, and granted by the court, to strike out this portion of the answer designated "a" in the motion, on the ground that it is "sham and irrelevant and surplusage" and not "proper matter of averment," and does not "show any defense to an action to foreclose a mortgage." This motion was granted. The answer then sets forth what is called "an equitable and for a further and distinct defense." This portion of the answer

(omitting the unnecessary allegation of the existence of plaintiff corporation) is contained in folios 77 to 99. Designating this matter as "b," plaintiff made a motion to strike it out on the same ground as already stated, which motion was granted.

The portion ("a") of the answer, above referred to, briefly stated, is to the effect that one Corbin was at the time the mortgage was executed and up to the time of the passage of said resolution fixing the value of said certificate, the secretary and manager of plaintiff corporation; that its affairs "have been corruptly, dishonestly, and improperly managed by said William Corbin"; that he misapplied and misused large sums of plaintiff's money "as manager of said corporation and in his individual capacity"; that plaintiff attempted to recoup its losses through the acts of said Corbin, and that the property received from him by plaintiff with that view is being carried on plaintiff's books at a valuation "far in excess of the real value of said property so taken"; that plaintiff's affairs have been so conducted by its officers and managers as to greatly decrease the surrender value of said certificate No. 15,935; and that if the said affairs had been "properly and honestly managed, the cash surrender value of said certificate of stock would be greatly in excess of the sum of $18.41"; that equity requires that the cash surrender value of said certificate should be credited "in the same manner and to the same amount as if the business affairs of said corporation plaintiff had been honestly conducted"; that a large amount of money has been paid by plaintiff "in an improper manner as dividends upon what is termed non-borrowing stock," thus diminishing the surrender value of said certificate; that said Corbin improperly withdrew large sums belonging to plaintiff and charged the same improperly to traveling expenses, thus depreciating the value of said stock. The facts, set forth with much greater particularity than we have given them, are stated by the pleader, we presume, to show that the certificate should have had a greater surrender value than $18.41. The issuable fact in this case in this respect was the surrender value of the certificate. It was entirely immaterial what such surrender value might have been if the affairs of the plaintiff corporation had been differently managed. The agreement of the parties, as shown by the mort-

gage, was, that the actual surrender value should be allowed. The complaint alleged that such actual surrender value was $18.41. This allegation was not denied by the matter stricken out, designated heretofore as "a," and, so far as we can see, such portion in no way constituted any answer or defense to plaintiff's cause of action and was properly eliminated by the order.

The portion of the answer designated in the motion as "b" is composed to considerable extent of evidentiary matter purely defensive, and contains some allegations of fact entirely irrelevant and immaterial. Still there are facts properly alleged which show an agreement on the part of plaintiff by which plaintiff agreed that when plaintiff had realized sufficient money out of the mining property mortgaged to it plaintiff would pay defendant Emma Boggess an amount equaling her indebtedness to plaintiff. It was alleged that plaintiff did realize the money, and it thus became equitably bound to apply it in payment of her debt to it. (Civ. Code, sec. 1479.)

The answer was verified, and it is urged that to strike it out as sham was error. (Citing *Greenbaum* v. *Turrill*, 57 Cal. 285.) We do not think it can be said that the answer was sham, which means an answer good in form but false in fact, and not pleaded in good faith (*Greenbaum* v. *Turrill*, 57 Cal. 285), and to warrant applying the severe rule of striking the answer from the record the matter must be shown to be unquestionably false and not pleaded in good faith. (Anderson's Dictionary, title "Sham," and cases cited.) This cannot be said of the answer in the present case.

All the matter set up as equitable defense, and designated in the motion as "b," was stricken out. The grounds of the motion other than that it was "sham" were, that it does not tend to show any defense to the action and is irrelevant and surplusage. This is true to some extent, as already intimated, but it is not true as to the entire answer. A motion to strike out the irrelevant averments would therefore have been proper. The object of such a motion is to rid the pleading of its objectionable averments only. The cases cited by respondent as to the rule where redundant or irrelevant matter is alleged are cases, so far as we have found, where the objectionable averments only were attacked. To illustrate: Sup-

pose in an action involving title to real estate the pleader should allege ownership by sufficient averments and should then proceed to set forth his chain of title. On motion these. latter averments would be stricken out as surplusage and evidentiary matter, but not the entire pleading. (See the subject discussed in Pomeroy's Code Remedies, 4th ed., secs. 422, 423, 445.) We think it was error to strike out the whole of this portion of the answer.

It is advised that the judgment be reversed.

Gray, C., and Smith, C., concurred.

For the reasons given in the foregoing opinion the judgment appealed from is reversed.

Angellotti, J., Shaw, J., Van Dyke, J.