[Civ. No. 5433.   Third Appellate District.—November 1, 1935.]

CECILIA EFFIE HONAN et al., Appellants, v. TITLE INSURANCE AND TRUST COMPANY (a Corporation) et al., Respondents.

676

McGee & Robnett and Robert Lee Collins for Appellants.

G. E. Delavan, Jr., for Respondents.

MAXEY, J., *pro tem.*—The plaintiffs have appealed from an order duly made and entered striking out their complaint. The facts alleged in the complaint are that on March 17, 1931, a note was made, executed and delivered by William James Honan and Effie L. Honan, by William J. Nichols, her attorney in fact, to the defendants herein; that said note was secured by a deed of trust on certain real property situated in Los Angeles County, and also signed by William James Honan and by William J. Nichols, as attorney in fact for Effie L. Honan. It is further alleged that Cecilia Effie Honan and Effie L. Honan are one and the same person. The complaint was filed on August 19, 1933. The complaint further alleges that on or about the twenty-fourth day of April, 1933, the defendants caused to be recorded a notice of breach of obligation and default on the part of the plaintiffs in the payment of said note secured by said trust deed; and that thereafter the property was advertised for sale under the terms of the deed of trust to be sold on August 19, 1933.

The plaintiffs allege that the note given to defendants bears a usurious rate of interest; that the note and deed of trust were not signed by the plaintiff, Cecilia Effie Honan, and further, that William J. Nichols who signed said note and deed of trust as her attorney in fact, was not authorized or

empowered to sign the note and deed of trust; that there is a dispute between the parties relative to the amount owing on said note, and asking that the exact amount be determined by the court in the way of a declaration; that the deed of trust is a lien or encumbrance upon the property of the plaintiff, Cecilia Effie Honan, and that it will be and remain a cloud upon her title. Plaintiffs seek relief for each of these alleged infringements of their rights, and further request an injunction to prevent the sale of the real property under the deed of trust on the nineteenth day of August, 1933.

The defendants filed a motion to strike out the complaint and also certain portions thereof. This motion was predicated upon the affidavit of the attorney of record for defendants, in which affidavit it was stated that the question therein involved was a moot question because the property had been sold on August 19, 1933, and therefore injunctive relief against the sale would be unavailing. A general and special demurrer was filed at the same time. The motion to strike out the complaint was granted, and the complaint was ordered stricken from the files. The demurrer was ordered off calendar.

The granting of defendants' motion to strike the entire complaint from the file was a complete and final determination of the action, and was therefore in effect a final judgment therein. No further proceedings in that case could be had by the plaintiff therein, nor was there any further action required upon the part of the defendants to defeat plaintiffs' contention. A judgment is the final determination of the rights of the parties in an action or proceeding. (Code Civ. Proc., sec. 577.) An appeal will lie from an order striking an entire complaint from the file. (*Howe* v. *Key System Transit Co.*, 198 Cal. 525–531 [246 Pac. 39].)

The facts stated in the complaint allege not only grounds for injunctive relief, but also for other and different relief not necessarily connected with enjoining the sale of the property under the deed of trust. These facts may not have been as clearly and distinctly stated as required by good pleading, but this defect, if any existed, could have been corrected by an amendment of the complaint. The complaint in this case states that unless an injunction is issued preventing the sale of the property under the deed of trust, that the sale of said property will be held on the same day upon which the

complaint was filed, namely, on August 19, 1933; no injunction was issued, and therefore the sale was presumably had on that date. So far as the complaint related to the enjoining of the sale of the property mentioned in the complaint, it became a moot question on and after the date of the sale on August 19, 1933, particularly since no restraining order was issued at that time, and had the complaint gone no further into allegations affecting other matters, the granting of the motion to strike the complaint from the file would have been proper. The effect of the complaint, however, was to further charge defendants with a violation of the usury law of the state of California. This was not a moot question, but one which, if properly pleaded, would entitle the plaintiff to relief, at least in some measure, upon the note set up in the complaint. The complaint further alleged facts on behalf of the plaintiff, Cecilia Effie Honan, which, if properly pleaded and proven, would have entitled this plaintiff to some relief. These questions on behalf of this particular plaintiff did not become moot by reason of the sale under the foreclosure of the deed of trust, but continued to be questions of vital importance to this particular plaintiff and upon which she was entitled to a final decision or determination.

In order to constitute a moot question that would warrant the granting of a motion to dismiss the entire complaint, it must affect the entire subject-matter of the pleadings and be "completely moot", and where other facts are pleaded, even though imperfectly, a motion to strike out the entire pleadings should be denied.

Facts alleged in any pleadings may become moot at any time prior to judgment and it is not necessary that those facts should appear or should be a mooted question at the time of the filing of the complaint.

The judgment and order appealed from are reversed with instructions to the trial court to deny the motion to strike out the complaint herein; and that said motion as to paragraph VIII of the first cause of action be denied; and that said motion, as contained in paragraphs B, C, D, E, F and G thereof, and pertaining to the second cause of action, should be granted.

Pullen, P. J., and Thompson, J., concurred.