[Civ. No. 6390. Third Appellate District.—October 9, 1940.]

ALHAMBRA TRANSFER & STORAGE COMPANY (a Corporation), Appellant, v. O. C. MUSE et al., Respondents.

H. S. Farrell and C. A. Lindeman for Appellant.

Chase, Barnes & Chase, Daniel P. Bryant and Thomas R. Suttner for Respondents.

TUTTLE, J.—Plaintiff is a corporation organized under the name of the "Alhambra Transfer & Storage Company". It brought this suit in equity to enjoin the defendants, who are copartners, from using a like name in connection with the transfer and storage business carried on by them in the city of Alhambra, California. A general and special demurrer was interposed to the original complaint, and thereafter, plaintiff filed its amended complaint. Defendants demurred generally and specially to the amended complaint, and the court entered its order sustaining the demurrer without leave to amend. Judgment was thereafter rendered dismissing the action, and from that judgment plaintiff has prosecuted this appeal.

Appellant urges as grounds for appeal that the trial court erred in two particulars, first: in sustaining its demurrer to the original complaint; and second: in sustaining its demurrer to the amended complaint. As to the first ground relied upon, we are of the opinion that it is without merit, for the reason that by amending his complaint after demurrer was sustained, plaintiff waived the error, if any, in the ruling of the court. This has been the settled law in California for many years, and the rule will be found laid down in the case of *Gançeart* v. *Henry*, 98 Cal. 281, 283 [33 Pac. 92]. In the later case of *Pearson* v. *Parsons*, 173 Cal. 336 [159 Pac. 1173], it was held that: "Having thus gone to trial on the complaint as amended, the plaintiff must be

deemed to have waived the objection that the demurrer was improperly sustained." In that case plaintiff attempted to predicate error on the part of the trial court in sustaining a demurrer to the original complaint. The same ruling is followed in *Carter* v. *Canty*, 28 Cal. App. 323 [152 Pac. 312].

Taking up the demurrer to the amended complaint, the allegations of the latter are substantially as follows: That plaintiff is a corporation organized under the laws of the state of California, and has its principal place of business in Alhambra, California. It appears from the second paragraph of the complaint that while plaintiff was at one time engaged in the warehouse and storage business, it was not, at the time the complaint was filed, engaged in such business. In its opening brief plaintiff admits that it is not engaged in the transfer and storage business, but that it is a real estate holding corporation, and does not compete in any manner with the business conducted by defendants. Continuing further with the allegations of the complaint, it is alleged that defendants are engaged in the transfer and storage business, and have their principal place of business directly across the street from the office and warehouse of plaintiff; that defendants are unlawfully using the corporate name of plaintiff, and have conducted their business under such name since 1933; that said defendants operate large vans and trucks, upon which the corporate name appears, and they display the corporate name upon their letterheads and billheads, in the city directory, in the telephone directory, and other advertising matter; that defendants are using said name for the sole purpose of deceiving the general public and leading them to believe and understand that they are dealing with this plaintiff; that by reason of the foregoing facts, claims of various kinds are liable to arise, and litigation is liable to follow as a result thereof, and thus, plaintiff's title to its various properties is liable to be clouded; that it is impossible to estimate the amount of damage that might arise and be suffered by plaintiff by reason of the acts of defendants set forth above; that plaintiff, in the defense of said action, must employ an attorney, and that the reasonable compensation for such attorney would be $3,000. Plaintiff prays that the defendants be permanently enjoined from using its corporate name; and it also asks judgment for $3,000 damages.

In cases of this character involving the use by one corporation or partnership, of the name of another corporation or partnership, there are two theories upon which a recovery may ordinarily be had. One of these is for the invasion of an exclusive trade-mark, and the other is based upon the common-law doctrine of unfair trade dealing or unfair competition. We are of the opinion that both of these questions are disposed of adversely to the contention of appellant in the case of *R. H. Dunston* v. *Los Angeles Van & Storage Co.,* 165 Cal. 89 [131 Pac. 115]. There the plaintiff, in 1902, incorporated his business under the name of "Los Angeles Van, Truck & Storage Company". In 1910, defendants started up a business similar to that of plaintiff, under the name of "Los Angeles Van & Storage Company". Plaintiff brought the action to enjoin the defendants from using the name of "Los Angeles Van & Storage Company". The trial court granted the injunction sought by plaintiff, and on appeal, that judgment was reversed. It was held that the trade name used by plaintiff was not susceptible of exclusive use, and therefore could not be protected as an exclusive trade-mark or name. In deciding this question the court goes on to say:

"But, second, and more important, is the fact that the trade name used by plaintiff is not susceptible under our law of exclusive use, and, therefore, of protection as an exclusive trademark or name. This proposition is completely covered by section 991 of our Civil Code, which declares: 'One who . . . conducts a particular business . . . cannot exclusively appropriate any designation, or part of a designation, which relates only (a) to the name . . . or (b) the description of the . . . business, or (c) to the place where the . . . business is carried on.' It is too apparent to need discussion that the name here employed by plaintiff has reference in its first words to the place of business; in the remaining words to a description of the business. Such names, titles or designations are not the subject of exclusive copyright or trademark. (*Eggers* v. *Hink*, 63 Cal. 445, [49 Am. Rep. 96] ; *Schmidt* v. *Brieg*, 100 Cal. 672, [22 L. R. A. 790, 35 Pac. 623] ; *Castle* v. *Siegfried*, 103 Cal. 71, [37 Pac. [210] 211] ; *Hainque* v. *Cyclops Iron Works*, 136 Cal. 351, [68 Pac. 1014] ; *American Wine Co.* v. *Kohlman*, 158 Fed. 830.) "

In our opinion, the name of plaintiff corporation, "Alhambra Transfer & Storage Company", comes directly

within the provisions of section 991 of the Civil Code, in that it relates only to the name or the description of the business, or the place where the business is carried on. It therefore follows that the name is not entitled to protection as an exclusive trade name.

With reference to the second theory mentioned, that of unfair trade dealing, it first should be pointed out that plaintiff and defendants are not engaged in competitive enterprises, or in competitive businesses. This is clearly indicated in the opening brief of appellant, where he states: "We assume that the judgment of dismissal herein might well be construed as one on the merits, barring a subsequent action on the same or a similar state of facts. But even were this not the case, it would doubtless be futile to file an action in the same trial court, where it would be viewed as one for unfair competition, which *the facts do not justify.*" In another portion of the same brief, appellant states: "As to unfair competition, the foregoing paragraph II (of the complaint) is probably fatal, in that there is no direct allegation, and indeed, the facts do not justify such an allegation, that plaintiff is now engaged in the general transfer, storage and warehouse business." In appellant's reply brief it concedes that the question of unfair competition is not before the court.

Summarizing the situation, we thus have before us for decision the question whether or not a partnership which appropriates the name of an existing corporation can be enjoined from using that name for the sole reason that *confusion* might arise with reference to actions which might be brought, or in connection with the title to real property.

The Dunston case above referred to may again be relied upon as authority to the effect that the use of an identical name will not be enjoined in the absence of fraud and deceit upon the public and the customers of plaintiff,—in other words, where there is no competition in business between the parties. It was held in that case that since plaintiff had no exclusive property right by way of trade-mark in the use of the name, it follows that the mere similarity of names does not establish fraud, and that there must be such a misuse of the name by advertising and soliciting as amounts to fraud, and which would tend to deceive prospective purchasers and customers of plaintiff. Continuing in its discussion of this question, the court goes on to say: "As the judgment cannot

thus be supported upon the theory of an invasion of an exclusive right to property in a trade-mark, the only ground for the support of the judgment is that which has come to be known as 'unfair trade dealing'. This is but a succinct statement of the principle that in the interest of fair commercial dealing courts of equity, where one has been first in the field doing business under a given name, will protect that person to the extent of making competitors use reasonable precautions to prevent deceit and fraud upon the public and upon the business first in the field. (*Spieker* v. *Lash,* 102 Cal. 38, [36 Pac. 362]; *Waltham Watch Co.* v. *United States Watch Co.,* 173 Mass. 85, [73 Am. St. Rep. 265, 43 L. R. A. 826, 53 N. E. 141]; *Shaver* v. *Shaver,* 54 Iowa, 208, [37 Am. Rep. 194, 6 N. W. 188]; *Newman* v. *Alvord,* 51 N. Y. 189, [10 Am. Rep. 588].) *But, as has been intimated, relief in such cases really rests upon the deceit or fraud which the later comer into the business field is practicing upon the earlier comer and upon the public. Like all other kinds of fraud and deceit this is not presumed but must be pleaded and shown. . . . The fact that confusion to the business of plaintiff has resulted from acts not in themselves illegitimate, of itself affords no ground of relief.*"

Referring to unfair competition arising out of one concern adopting the trade name of another, the general rule is stated in 63 C. J., page 389, section 100, to be as follows: "The doctrine is usually invoked when there is an actual market competition between the analogous products of plaintiff and defendant." Here, plaintiff is engaged in the real estate business, while defendants are engaged in the transfer and storage business. Under such circumstances the customers of plaintiff cannot be deceived. The most that can be said is that some confusion will result by the use of the same name. This is an every-day occurrence with individuals, and as stated in the Dunston case, it affords no ground for relief.

Appellant places some faith in section 291 of the Civil Code, which provides in part as follows:

"The Secretary of State shall not file articles which set forth a name which is likely to mislead the public, or which is the same as, or resembles so closely as tends to deceive. . . . The use by a corporation of a name in violation of this section may be enjoined notwithstanding the filing of its articles by the Secretary of State."

We are of the opinion that this section does not govern the situation here. In the first place it refers to a controversy between two corporations which have filed their articles with the secretary of state, while here, we have only one corporation, the plaintiff, the defendants being a partnership. If two corporations should be permitted to file articles of incorporation, each using the same corporate name, the remedy provided by the last-named section would be available to the corporation which had priority in the filing of its articles. We do not believe, however, that the remedy provided for in said section is available to the plaintiff under the circumstances of this case.

From what has been said, and from the authorities cited, it is quite clear that appellant's amended complaint failed to state a cause of action. It is therefore ordered that the judgment be, and it is hereby, affirmed.

Paulsen, J., *pro tem.*, and Thompson, Acting P. J., concurred.