[Civ. No. 4313. Fourth Dist. May 4, 1951.]

WILLIAM CAMPBELL DALZELL, Appellant, v.
EDWARD A. KELLY et al., Respondents.

William Campbell Dalzell, in pro. per., for Appellant.

Mack & Bianco for Respondents.

BARNARD, P. J.—This is an action for damages, in some
form, the precise nature of which does not clearly appear.
The complaint was filed on November 4, 1949. A general
demurrer was filed on November 15, and an amended demurrer
on November 17. On November 25, the plaintiff filed notice
of a motion to strike the amended demurrer. On November
28, the motion to strike was denied and the demurrer was
sustained with 30 days in which to amend. On January 3,
1950, an amended complaint was filed. On the same day,
January 3, a general and special demurrer was filed. On

January 16, 1950, the demurrer to the amended complaint was sustained with 20 days in which to amend.

On February 8, 1950, the plaintiff filed notice of four motions: (1) to direct the clerk to file a motion to strike the demurrer and a motion to enter the default of the defendants (claimed to have been sent to the clerk on January 12) ; (2) to vacate the ruling on the demurrer; (3) to enter the default of the defendants; and (4) to amend the ruling on the demurrer to show which of the "demurrer points" was sustained. These motions were heard on February 14, 1950, and an order was entered on March 13, 1950, granting the first motion by ordering these papers filed *nunc pro tunc* as of January 17, and denying the other three motions. The plaintiff declined to amend and a judgment of dismissal was subsequently entered. This appeal is from that judgment.

The appellant contends that the court committed reversible error (1) in denying his motion to strike the amended demurrer; (2) in sustaining the amended demurrer; (3) in directing the clerk to file his motions to strike and to enter default as of January 17, instead of as of January 12, the date it was mailed; and (4) in refusing to strike the demurrer to the amended complaint and to enter the default of the defendants. He states that he relies "primarily" on the fourth point.

█ The first two of these points relate to the amended demurrer to the original complaint. Assuming, but not holding, that there was any possible error in this connection it was waived by filing the amended complaint. (*Metzenbaum* v. *Metzenbaum,* 86 Cal.App.2d 750 [195 P.2d 492].) █ The other two points are based on the contention that the court had, on December 27, 1949, given the defendants until January 11, 1950, to *answer*; that this gave them no right to *demur*; and that it necessarily follows that the default of the defendants should have been entered on January 12, 1950. Aside from other considerations, there is nothing in the record to sustain this contention. No order of court extending time appears. The amended complaint was not filed until January 3, 1950, and the demurrer was filed the same day. No reason appears for striking the demurrer or for entering a default. This would be equally true if the motions to strike the demurrer and enter the default had been actually filed on January 12, 1950. The record discloses no error in this connection, and no conceivable prejudice.

Appellant's fifth point, that a judgment of dismissal should

not have been entered, since some cause of action is sufficiently stated in the amended complaint, must be upheld. ■ If any count or cause of action is sufficiently pleaded, a judgment of dismissal cannot be sustained. (*Bacon* v. *Wahrhaftig,* 97 Cal.App.2d 599 [218 P.2d 144] ; *Shook* v. *Pearson,* 99 Cal.App.2d 348 [221 P.2d 757].)

The amended complaint sets forth eight causes of action. In the first cause it is alleged that the Dalzells leased a certain five acres of land to the defendant Kelly for five years ending on October 31, 1948, at an annual rental of $37.50; that Kelly assigned or sublet to the defendant Wallis without the knowledge of the plaintiff; that on November 1, 1948, the plaintiff took possession of the land by posting a "No trespassing" sign at the entrance; that on November 6, plaintiff notified Kelly to vacate the property unless he would agree to a new lease at a higher rental; that on November 22, Kelly refused to lease the land on those terms; that between November 22, 1948, and December 31, 1948, defendants wrongfully entered the land and converted to their own use cotton belonging to the Dalzells, to their damage in the sum of $2,100 ; that by false representations made in 1945 the defendants had secured a reduction in the annual rent paid from $37.50 to $22.50 a year; that "on November 22, 1949," the defendants represented that they would not use or occupy said land at any time thereafter, and relying on that representation the plaintiff was lulled into the belief that the defendants were not using the land "after November 1948"; that on October 10, 1949, the defendants falsely represented that they were entitled to possession of the property for one year after November 1, 1948, under section 1161 of the Code of Civil Procedure; that knowing the Dalzells lived a long distance away, the defendants planned to secure the use of the property for nothing; and that ever since October 31, 1948, the defendants had unlawfully detained the property from the Dalzells. The second cause of action is to the same effect except it is alleged that between April 1, 1949, and June 1, 1949, the defendants entered the property and converted to their own use certain potatoes belonging to the Dalzells, to their damage in the sum of $1,000. The third cause repeats the allegations of the first cause except that it is alleged that between October 21, 1948, and November 1, 1949, the defendants entered the premises and converted to their own use cotton belonging to the Dalzells, to their damage in the sum of $2,100. The fourth, fifth and sixth causes allege, respec-

tively, that the defendants converted to their own use cotton and potatoes belonging to the Dalzells, to their damage in the sums mentioned in the first three causes of action. The seventh cause of action alleges that $60 was unpaid on the rental called for by the original lease. The eighth cause of action alleges that on November 1, 1948, the defendants entered this land by stealth and with force and arms, and used the property for their own purposes to plaintiff's damage in the sum of $1,000.

A general demurrer was filed as to each cause of action, and also a special demurrer setting up 10 grounds of uncertainty and ambiguity, and that several causes of action had been improperly joined.

Many things in the complaint were ambiguous and uncertain, and many would have been subject to a motion to strike. Beyond question, the complaint should have been amended. Much of the evidence to support appellant's apparent contentions would be inadmissible under the complaint as it stands. Among other things, it does not appear whether this land was used for agricultural purposes, whether any of the cotton and potatoes were grown on the land, or if so when they were harvested. If they were grown and harvested thereon the question of a holding over of agricultural lands, under section 1161 of the Code of Civil Procedure, might be important. If there was no such holding over, and if the crops were harvested, the measure of damages would be the value of the use and occupation of the land and not the value of the crops produced. While many of the uncertainties pointed out in the demurrer clearly appear, some of them relate to matters of defense which should have been raised by answer.

However, when the uncertainties and immaterial matters are eliminated, the complaint sufficiently states causes of action for conversion of certain cotton and potatoes and possibly for the reasonable value of the use of the property from November 1, 1948, to October 31, 1949. Whether or not these can be proved is another matter with which we are not here concerned. Since the complaint sufficiently states one or more causes of action, the judgment of dismissal must be reversed.

The appellant deserves censure for the intemperate language and unfounded charges against the trial judge, the clerk, and the opposing counsel, which appear in his briefs. Most of the things of which he complains in this manner are matters for which he is himself to blame. The appellant, as

a former lawyer (*Dalzell* v. *State Bar*, 6 Cal.2d 433 [57 P.2d 1300]), is not to be excused on the ground of ignorance of proper procedure. In reversing the judgment we are not to be understood as condoning appellant's conduct, or approving the manner in which he has handled the case, either in the trial court or here.

The judgment is reversed.

Griffin, J., and Mussell, J., concurred.

A petition for a rehearing was denied May 29, 1951, and appellant's petition for a hearing by the Supreme Court was denied June 28, 1951.