[Civ. No. 5293. Fourth Dist. Dec. 4, 1956.]

PATRICIA L. WITCZAK, Appellant, v. DONALD W. JOHNSON et al., Respondents.

600

King & Mussell for Appellant.

Wilson & Wilson, Swing & Gillespie, Everett H. Swing and Overton, Lyman, Prince & Vermille for Respondents.

GRIFFIN, J.—Plaintiff and appellant Patricia L. Witczak brought this action for claimed malpractice against defendants and respondents Doctors Donald W. Johnson, J. E. Andes and T. G. Harward (erroneously sued as Howard) in diagnosing an ailment and prescribing and administering medical treatment therefor at various times between January 19, 1950, and April 9, 1953.

She filed her original complaint on April 7, 1954, and separate demurrers were sustained (with leave to amend within 10 days) to six successive amended complaints. On June 24, 1955, following this last order, she filed her seventh amended complaint. Each defendant thereafter moved to strike it. The motions were heard before another judge and granted on October 24, 1955. Thereafter, on November 4, 1955, on motion, a formal judgment of dismissal of the action was entered. This appeal is from the judgment and the order striking the seventh amended complaint.

The amendment of the fifth and subsequent amended

complaints, after demurrers were sustained to them, "with leave to amend," precludes us from considering the ruling on these previous demurrers. (*Alhambra Transfer etc. Co.* v. *Muse*, 41 Cal.App.2d 92 [106 P.2d 63]; *Sheehy* v. *Roman Catholic Archbishop*, 49 Cal.App.2d 537 [122 P.2d 60]; 21 Cal.Jur. p. 212, sec. 145.)

It is respondents' position that the order striking the seventh amended complaint was not an appealable order, citing section 963 of the Code of Civil Procedure, and the attempted appeal therefrom should be dismissed; that since appellant, in respect to her right to amend her sixth amended complaint, filed a seventh amended complaint, she thereby waived her right to maintain that the sixth amended complaint did state a cause of action and, having failed to file a sufficient and adequate seventh amended complaint within the time prescribed, the action of the trial court dismissing the action on this ground was proper, and the question whether the sixth or seventh amended complaint stated a cause of action is not subject to review on appeal from the judgment; that even if the rulings on the demurrers to these particular amended complaints could be reviewed on appeal from the judgment, neither stated a cause of action and the seventh one was properly stricken as being sham and not pleaded in good faith, citing such authority as *Taliaferro* v. *Prettner*, 135 Cal.App.2d 157 [286 P.2d 977]; *Neal* v. *Bank of America*, 93 Cal.App.2d 678 [209 P.2d 825]; *Wilson* v. *Shea*, 194 Cal. 653 [229 P. 945]; 42 Cal.L.Rev. 356, and cases considered; also *Alhambra Transfer etc. Co.* v. *Muse, supra.*

The reasons for striking the seventh amended complaint are not indicated by the order. The grounds stated in the motion are that it was sham, contained redundant and irrelevant matters, and did not constitute a complaint amended substantially different from the sixth, to which a demurrer was sustained with leave to amend.

Assuming it did not state a cause of action, that it was, in its entirety, sham and redundant and not pleaded in good faith, then the trial court might be justified in ordering it stricken. (*Neal* v. *Bank of America*, 93 Cal.App.2d 678 [209 P.2d 825].) On the other hand, if it was timely, filed in good faith, was not sham, and did properly plead a cause of action, then the trial court had no authority to strike it and enter a judgment of dismissal of the action.

There is authority for the contention that an appeal lies from an order striking an amended complaint where

such action may constitute a "final judgment." (*Honan* v. *Title Ins. & Trust Co.*, 9 Cal.App.2d 675 [50 P.2d 1068]; *Howe* v. *Key System Transit Co.*, 198 Cal. 525 [246 P. 39]; *Wilson* v. *Sharp*, 42 Cal.2d 675 [268 P.2d 1062].) ■ On an appeal from a judgment of dismissal, based upon the ruling of the trial court striking out plaintiff's seventh amended complaint, such ruling can be reviewed on an appeal from the judgment. (*Dalzell* v. *Kelly*, 104 Cal.App.2d 66 [230 P.2d 830]; *Saunders* v. *Hibernia Sav. & Loan Soc.*, 23 Cal.2d 738 [146 P.2d 683]; *Holden* v. *California Emp. Stab. Com.*, 101 Cal.App.2d 427 [225 P.2d 634].) Under either theory the pivotal question, as we view it, is whether the seventh amended complaint did, in fact, and as a matter of law, sufficiently allege a cause of action and could not be considered, in its entirety as sham and redundant and not filed in good faith. (*Estate of McCabe*, 219 Cal. 742 [29 P.2d 195]; *Continental Bldg. & Loan Assn.* v. *Boggess*, 145 Cal. 30 [78 P. 245]; *Allerton* v. *King*, 96 Cal.App. 230 [274 P. 90].)

■ It alleges generally that defendants are licensed physicians and surgeons, practicing in San Bernardino County; that in January, 1950, plaintiff employed defendant Harward to diagnose and treat an ailment of her right leg which was weak and diseased; that the nature and extent of such ailment was unknown to plaintiff but was well known to said defendant; that thereafter and until July, 1953, defendant undertook to diagnose and treat said right leg and said ailment and did so; that during November, 1951, he diagnosed it as a paralyzed nerve and in the month of January, 1953, diagnosed it as peripheral neuritis; that between 1950 and 1953, he made other and different diagnoses; that from January, 1950, to July, 1953, he treated said condition by various injections and other medicines and drugs not known to plaintiff but well known to defendant; that said diagnoses and treatment were improper and erroneous; that at no time did said defendant make a correct diagnosis of said condition or properly treat it; that the treatment given was improper and was negligently, carelessly and recklessly administered and rendered; that the medicines, drugs and injections were the wrong medicines, drugs and injections and were harmful and injurious to the health of the plaintiff; that said diagnoses and treatment were performed negligently, carelessly and recklessly and without the care, knowledge and skill ordinarily employed by licensed physicians in that locality; that as a direct and proximate result plaintiff sustained severe

personal injury to her body and particularly to the right arm and right leg; and that said injury to the right leg consists of a disease, strain, inflammation and deterioration of the muscles, ligaments, tendons, nerves, blood vessels and soft tissues thereof; all to her damage in the sum of $50,000.

It then alleges that upon information and belief, during all the times mentioned, all of the defendants were associated and acting in the business of the medical profession as joint venturers; that the injuries caused by defendant Harward were not discovered until after the termination of the treatment mentioned, i.e., July, 1953; that plaintiff relied upon his skill and veracity and believed his statement that plaintiff's ailment was a simple thing; that she could expect good results and would not become a cripple; that accordingly she refrained from seeking or securing other physicians and surgeons' advice; that plaintiff first learned that the diagnosis was incorrect and the treatment given was improper and negligently performed in August, 1953. As a second cause of action she realleges these same charges as against defendant Dr. Andes, and in a third cause of action a similar charge is alleged against Dr. Johnson. A fourth cause of action alleges that all defendants committed the acts above charged and then concludes that plaintiff was in doubt as to whether she was entitled to redress from each or all of the defendants, and asked the court to determine whether they are jointly or severally liable. Seperate demurrers to this complaint, both general and special, which also raised the question of the statute of limitations (Code Civ. Proc., § 340, subd. 3) were never heard.

The sixth amended complaint contains similar allegations but alleges that each defendant was the *servant, agent and employee* of the other defendants. Then follows an allegation that all were copartners and joint venturers and were so acting at the time. Apparently, as gleaned from plaintiff's brief, the main distinction between the sixth and seventh amended complaints is that the sixth seeks a recovery from all defendants upon the theory of agent, servant and employer-employee relationship, and the seventh omitted this allegation and relied solely upon the theory of joint venturers.

The reason given, if any, for sustaining the demurrers to the sixth amended complaint is not indicated in the record. One of the grounds advanced in the special demurrers was uncertainty. That complaint alleged many various theories upon which plaintiff claimed all defendants were liable, and

the seventh amended complaint may well have been amended to make it definite and certain that plaintiff was relying solely on the theory of joint venture. At least there is nothing to show that appellant knew the particular grounds upon which the demurrers were sustained or that she was aware of them, or that she acted in bad faith in attempting to amend it. From a review of the allegations of the complaint, when considered as a whole, it appears to us that it constitutes a cause of action although it may have set forth, in more definite and certain terms, the issues to be met so that it might acquaint the defendants with the nature, source and extent of the cause of action.

In *Rannard* v. *Lockheed Aircraft Corp.*, 26 Cal.2d 149 [157 P.2d 1], a malpractice case where the general rule applicable to pleading such actions is set forth, a similar question was presented. It was there stated that all that is required of a plaintiff, even as against a special demurrer, is that his complaint set forth the essential facts of the case with reasonable precision and with sufficient particularity to acquaint the defendant with the nature, source and extent of the cause of action, and that where a complaint against a surgeon alleges in general terms his negligence in diagnosis, operation and subsequent treatment, it is unnecessary to detail a specific act or omission on which plaintiff relies, as these are matters of evidence which may be shown under the scope of the general negligence charge. Some consideration is also given to the situation of the opposing parties and the rule permitting the pleading of negligence in general terms where the defendant has at least equal, if not superior knowledge of the affair in comparison to that of the injured party. (*Guilliams* v. *Hollywood Hospital*, 18 Cal.2d 97 [114 P.2d 1]; *Stafford* v. *Shultz*, 42 Cal.2d 767 [270 P.2d 1]; *Modica* v. *Christ*, 129 Cal.App.2d 144 [276 P.2d 614].)

In the instant complaint the plaintiff alleged that the exact nature and extent of plaintiff's ailment was unknown to her but well known to the defendants, and that the nature of the treatments and various injections made were not known to plaintiff but were well known to defendant.

In *Kraft* v. *Smith*, 24 Cal.2d 124 [148 P.2d 23], it was held that in a malpractice action it is permissible to join as parties defendant two physicians who had separately treated plaintiff for the same injury at different times and places where it was alleged that each defendant was negligent in the treatment he had administered, and plaintiff was in doubt

as to whether he was entitled to redress from one or the other physician or from both of them.

We therefore conclude that the court erred in striking the seventh amended complaint in its entirety. It should therefore be reinstated. It was sufficient, as against the general demurrer, and it may well lie within the discretion of the trial court to require the clarification of uncertainties or ambiguities. (*Guilliams* v. *Hollywood Hospital, supra,* p. 104; *Washer* v. *Bank of America,* 21 Cal.2d 822, 833 [136 P.2d 297, 155 A.L.R. 1338]; *Wennerholm* v. *Stanford University School of Medicine,* 20 Cal.2d 713, 719 [128 P.2d 522, 141 A.L.R. 1358].)

Order and judgment reversed with directions to reinstate the seventh amended complaint subject to the special demurrers interposed.

Barnard, P. J., and Coughlin, J. pro tem.,* concurred.

*Assigned by Chairman of Judicial Council.