[Civ. No. 5727.   Fourth Dist.   Nov. 5, 1958.]

JOHN J. TUDOR et al., Appellants, v. CITY OF RIALTO
et al., Respondents.

Rager & Olio and Henry F. Rager for Appellants.

William Mackenzie Brown, Ward Mathews, Wellborn, Barrett & Rodi and Frank C. Hubbard for Respondents.

SHEPARD, J.—The lands of plaintiffs herein were subjected by the defendant city of Rialto to the levy of certain assessments on account of sewer system improvements caused to be installed by said defendant city. The other defendants were officers or employees of said defendant city or contractors doing the work of installation of said sewer. Plaintiffs filed their complaint praying for annulment or correction of the assessments and for injunctive relief.

The original complaint, after identifying the legal relationship of the parties to this cause, alleges the commencement and pursuance by defendants of proceedings under the "Improvement Act of 1911" for the purpose of accomplishing the installation of certain sewer improvements in and for said city. Plaintiffs make no complaint as to any part of such

proceedings except that part relating to the propriety and fairness of the levy of assessments.

As to the levy of assessments and that portion of the proceedings (17th, 18th and 19th of July, 1956) looking toward such levy the plaintiffs allege in their original complaint that they filed protests with the city council of said city. Plaintiffs further allege that they were denied a full, fair and complete hearing in that:

1. (a) Plaintiffs requested subpoenas for witnesses and were refused, resulting in plaintiffs' inability to present testimony;

(b) Defendants failed to provide adequate space for the hearings, so that plaintiffs could not be present at all times;

(c) Defendants held hearings at late and unusual hours, so that plaintiffs could not present witnesses;

(d) Plaintiffs requested additional time to obtain evidence and witnesses, which was refused.

2. That certain members of said council did not hear all the evidence presented in that:

(a) July 17th, 1956 defendant Harold Hudson was absent about forty-five minutes;

(b) July 18th defendant F. Earl Thompson was absent during all testimony;

(c) July 19th defendant Glenn R. Johnson was absent during all testimony.

3. July 19th during hearing a recess was declared, the councilmen present and the city engineers, attorneys and clerk retired to another room, closed the door and remained for forty-five minutes; upon reconvening councilmen stated they had decided what action to take and immediately introduced, adopted and passed a resolution confirming said assessments.

4. That defendant council prejudged the entire matter in that:

(a) At the time the hearings were commenced the minutes approving the assessments had already been typed;

(b) After plaintiffs had spent approximately fifteen minutes introducing evidence with respect to said assessments protests and appeals, and estimated benefits, the mayor stated he and probably the others felt they had heard enough testimony and asked if a vote should be taken;

(c) Defendant councilmen took testimony secretly and considered evidence unknown to plaintiffs.

5. That defendants took no evidence itself in an open and public hearing respecting estimated benefits accruing to lands

of plaintiffs by virtue of said work and improvement. Next plaintiffs claim that no benefit can accrue to plaintiffs' lands in that none of said land can be served by any sewer line constructed under this improvement. They then complain that there is fraud in said proceedings because the council pursued incorrect procedure; because the health officer made certain untrue statements known by defendants to be untrue.

Thereafter, in the concluding paragraphs, plaintiffs alleged the confirmation of the assessment, the proposed issuance of bonds, the prospective lien thereon on lands of plaintiffs, the description of the lands of plaintiffs, the assessment numbers, the amounts of the assessment against each, and the prayer for nullification of the assessments and an injunction against the collection of assessments and issuance of bonds.

A general and special demurrer by the defendants to plaintiffs' complaint was sustained with leave to amend, and thereafter an amended complaint was filed which amended complaint was in substantially the same language as the original complaint, with the exception that the allegations of the original complaint respecting hearings at late and unusual hours, secret meeting, secret hearing of evidence, prejudging, "after said plaintiffs had spent approximately fifteen minutes introducing evidence with respect to said assessments, protests and appeals, and estimated benefits to be derived from said work and improvement," and the allegations of fraud were all completely dropped. To this amended complaint defendants interposed substantially the same general and special demurrer and the court sustained the demurrer without leave to amend.

It will be seen from the foregoing that the gravamen of plaintiffs' complaint lies in their contention that their lands could get no benefit from the sewers here involved, and that they were not given a fair hearing on their protests and their attempt to convince the council that the proposed assessments were excessive.

There are numerous details of this complaint and it is necessary to consider each one separately.

Plaintiffs' first complaint is that the city council refused to issue subpoenas. From the wording of plaintiffs' complaint we can only assume that this refusal took place at the time of the protest hearings. Plaintiffs allege no facts to show that something unusual occurred to warrant the issuance of subpoenas at such a late date as the very day of the hearing; nothing is alleged to show what, if any, material evidence was lost to plaintiffs by such refusal nor how plaintiffs were

injured by such loss. In the absence of some special showing why plaintiffs had not applied for such subpoenas seasonably before the time of hearing, plus a showing of injury by reason of inability to produce such material evidence through lack of such subpoenas, the complaint would in our opinion be insufficient. (*Western P. & S. Co.* v. *Industrial Acc. Com.*, 194 Cal. 379, 382 [6] [228 P. 859].)

The original complaint alleges facts sufficient to show that plaintiffs were in fact heard in support of their protests for about 15 minutes. Since plaintiffs' amended complaint does not either explain that this allegation was put in by error or misunderstanding or mistake, it must be taken as a fact pleaded by plaintiffs for demurrer purposes. "If any verified pleading contains an allegation which renders a complaint vulnerable the defect cannot be cured simply by omitting the allegation without explanation in a later pleading." (*Wennerholm* v. *Stanford Univ. Sch. of Med.*, 20 Cal.2d 713, 716 [2] [128 P.2d 522, 141 A.L.R. 1358].)

Thus it appears affirmatively that plaintiffs did in fact appear before the council and were in fact heard. The complaint does not directly plead that at any time plaintiffs offered other evidence which might have changed the result, and that the council refused to hear such evidence. Nor does it allege what such evidence in ultimate fact would have been and how it could have affected the result. (*Blake* v. *City of Eureka*, 201 Cal. 643, 650 [258 P. 945].)

The allegation that defendant council failed to provide an adequate hearing room is not an allegation that plaintiffs could not be and were not present at the hearing of their *own* protests. Nor is there any showing of whether or not the plaintiffs were injured by not hearing protests other than their own.

The allegation that a continuance was asked for production of other witnesses does not contain any assertion as to what such witnesses would have testified to nor how their testimony might have changed the result, nor whether a failure to have such witnesses present at the time of hearing was excusable.

The allegation that a quorum of said council did not hear all of the protests is not an allegation that a quorum did not hear all of the evidence on each of plaintiffs' protests.

The allegation that council took a recess and that certain members, together with certain city officials and employees, went into a closed room and that they announced

a decision upon officially convening thereafter is not an allegation that the council took any official action secretly nor that it held any secret meeting, nor that it received any evidence secretly. As far as the record shows, all official meetings of the council were public and the action taken was public. The withdrawal by plaintiffs of their allegation that evidence was taken secretly is in our opinion an affirmative elimination of that point from consideration, and we must affirmatively assume that no such allegation or proof could be made. (*City of Pasadena* v. *Paine,* 126 Cal.App.2d 93, 97 [3] [271 P.2d 577]; *Hannon* v. *Madden,* 214 Cal. 251, 267 [14] [5 P.2d 4].)

█ The affirmative withdrawal of the allegation of fraud, likewise, must be taken by this court as an elimination from further consideration of the possibility of an amendment to include any such allegation.

█ The allegation that the council took no evidence on benefits is not an allegation that such evidence was offered. The council had no duty to itself produce such evidence. The burden of proof in that respect was entirely on the protestant. (*Logan* v. *City of Glendale,* 102 Cal.App.2d 861, 869 [4] [229 P.2d 128]; *Blake* v. *City of Eureka,* 201 Cal. 643, 648 [3] [258 P. 945].)

█ Similarly, the allegation that no benefits could accrue to plaintiffs' land because it could not be served by the sewer required some showing that evidence was presented to the council of such a character as to be conclusive on the council. If there was any conflict of evidence the council's decision would be conclusive on the court. It is clear from the plaintiffs' original complaint that some evidence was, in fact, presented to the council by plaintiffs, but the character and extent is not shown. (*Blake* v. *City of Eureka,* 201 Cal. 643, 650, 651 [3] [258 P. 945]; *Raisch* v. *Sanitary Dist. No. 1,* 108 Cal.App. 2d 878, 889 [240 P.2d 48].)

█ Plaintiffs alleged the descriptions of their lands, the assessment numbers and the amounts of the assessment against each parcel of land. They also alleged that all of the other lands located within the city were also assessed. There was no allegation, however, of what the other assessments amounted to. The mere fact that plaintiffs' lands could not be served by this particular sewer was not an allegation from which one could conclusively presume that *no* benefits would accrue to the land since the health of the entire city, including the area owned by plaintiffs, was at stake. (*Logan* v. *City of*

*Glendale,* 102 Cal.App.2d 861, 869 [3] [229 P.2d 128] ; *Hannon* v. *Madden,* 214 Cal. 251, 257 [2] [5 P.2d 4].)

Respecting each and all of the points of insufficiency above noted, there is no showing in the record, nor do appellants anywhere point out or intimate either in their briefs or oral argument, that they could truthfully have supplied the material necessary to correct the deficiencies in the amended complaint.

■ It is true that it is the policy of the law to have causes heard on their merits so far as reasonably possible. And to this end if a pleader by error, mistake or ineptness presents a pleading which sufficiently alleges facts to show that plaintiffs have a cause of action, the court on sustaining the demurrer will give leave to amend. (*Campbell* v. *Veith,* 121 Cal.App.2d 729, 734 [5] [264 P.2d 141] ; *Speegle* v. *Board of Fire Underwriters,* 29 Cal.2d 34, 42 [7] [172 P.2d 867] ; *Wennerholm* v. *Standard Univ. Sch. of Med.,* 20 Cal.2d 713, 719 [6] [128 P.2d 522, 141 A.L.R. 1358] ; *Witczak* v. *Johnson,* 146 Cal.App.2d 599 [303 P.2d 1091].)

■ It is difficult to establish any clear rule as to just how far a trial court should go in aiding a pleader by detailed explanation of defects in pleading. However, where as here the demurrer itself and the authorities cited in support thereof before the trial court amply pointed out the defects and plaintiffs in their amended complaint failed to in any degree supply the deficiency shown, the trial court's action in refusing to permit amendment to the amended complaint will not be disturbed unless there has been a manifest abuse of discretion. (*Spencer* v. *Crocker First Nat. Bank,* 86 Cal.App.2d 397, 400 [1] [194 P.2d 775] ; *Moxley* v. *Title Ins. & Trust Co.,* 27 Cal.2d 457, 462 [1] [165 P.2d 15, 163 A.L.R. 838] ; *Logan* v. *City of Glendale,* 102 Cal.App.2d 861 [229 P.2d 128] ; *Raisch* v. *Sanitary Dist. No. 1,* 108 Cal.App.2d 878, 882 [240 P.2d 48].)

In view of our disposition of the points above noted, we think further discussion of other points raised by the briefs is unnecessary.

The judgment is affirmed.

Griffin, P. J., and Mussell, J., concurred.

A petition for a rehearing was denied December 2, 1958, and appellants' petition for a hearing by the Supreme Court was denied December 30, 1958. Carter, J., and Schauer, J., were of the opinion that the petition should be granted.