Filed 8/24/22  U.S. Bank v. Abadi CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| U.S. BANK NA,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>DAVID ABADI et al.,<br><br>    Defendants and Appellants. | 2d Civil No. B315520<br>(Super. Ct. No. 56-2020-00541900-CU-OR-VTA)<br>(Ventura County) |

Appellants David and Ofra Abadi (the Abadis) appeal from the judgment after the trial court granted respondent U.S. Bank, NA's (U.S. Bank) motion for judgment on the pleadings.

The Abadis contend the trial court erred in (1) granting the motion for judgment on the pleadings and (2) denying leave to amend.  We affirm.

FACTUAL AND PROCEDURAL HISTORY

The Abadis owned real property (Property) in Bell Canyon. They obtained a loan secured by a deed of trust on the Property. Several years later, the Abadis defaulted on the loan.  At a trustee's sale in June 2017, U.S. Bank purchased the Property.

After the sale, there were several fraudulent instruments recorded against the Property (i.e., a notice of rescission of the trustee's deed upon sale executed in May 2018, trustee's deed upon sale executed in April 2019, and a quitclaim deed transferring title of the Property executed in September 2019).

U.S. Bank sought to clear title on the Property. It filed a verified complaint against the Abadis, alleging causes of action (1) for cancellation of instruments recorded against the Property, (2) to quiet title, (3) for slander of title, and (4) for a permanent injunction. The Abadis filed an unverified answer to the complaint.

The Bank moved for judgment on the pleadings on the grounds that the answer was unverified and that it only asserted a general denial to the allegations in the complaint. The trial court granted the motion with leave to amend.

The Abadis filed an amended answer to the complaint. U.S. Bank filed a second motion for judgment on the pleadings, alleging that the amended answer again only asserted a general denial of the allegations.

The trial court granted the motion without leave to amend on the ground that the Abadis failed to file a verified answer, as required pursuant to Code of Civil Procedure section 446.[1] Judgment was entered in favor of U.S. Bank.

DISCUSSION

The Abadis contend the trial court erred in granting the motion for judgment on the pleadings. We disagree.

---

[1] Further unspecified statutory references are to the Code of Civil Procedure.

A motion for judgment on the pleadings serves the same function as a general demurrer. (*Smiley v. Citibank* (1995) 11 Cal.4th 138, 145-146.) A motion may be brought where "the complaint states facts sufficient to constitute a cause or causes of action against the defendant and the answer does not state facts sufficient to constitute a defense to the complaint." (§ 438, subd. (c)(1)(A); see also *Adjustment Corp. v. Hollywood Hardware & Paint Co.* (1939) 35 Cal.App.2d 566, 569-570 [judgment on the pleadings is proper where the answer "fails to deny any of the material allegations of the complaint"].)

In reviewing an order granting judgment on the pleadings, we independently review the sufficiency of the pleading and affirm if any grounds raised in the motion is well taken, even if we disagree with the trial court's rationale. (*Hayter Trucking, Inc. v. Shell Western E&P, Inc.* (1993) 18 Cal.App.4th 1, 13.)[2]

Here, as U.S. Bank correctly argued in its motion, the amended answers effectively admit all the allegations in the complaint because the Abadis did not specifically deny any allegations in the complaint. "A general denial is not appropriate in a verified answer." (*City of Hollister v. Monterey Ins. Co.* (2008) 165 Cal.App.4th 455, 476, fn. 19; *Hirons v. Clare* (1918) 38 Cal.App.608, 609.) "If the complaint is verified, . . . the denial of the allegations shall be made positively or according to the

---

[2] The trial court granted judgment on the pleadings on the ground that the Abadis failed to file a verified answer, but the record shows the Abadis submitted signed verification forms. But even if the Abadis properly filed a verified answer, we may affirm the trial court's ruling on grounds raised in U.S. Bank's motion.

3

information and belief of the defendant."  (§ 431.30, subd. (d).) Failure to specifically deny the allegations contained in a verified complaint is "insufficient" and amounts to an admission of the allegations.  (*Hirons*, at p. 609.)  Because the Abadis's general denial of the allegations in the amended answers were "insufficient" to constitute a defense to the allegations, judgment on the pleadings was proper.  (*Ibid.*; § 438, subd. (c)(1)(A).)

The Abadis also contend that trial court erred in denying leave to amend.  We disagree.

We review a denial of leave to amend for abuse of discretion.  (*Koszdin v. State Comp. Ins. Fund* (2010) 186 Cal.App.4th 480, 487.)  To show an abuse of discretion, the plaintiff has the burden of demonstrating that "there is a reasonable possibility the plaintiff could cure the defect with an amendment."  (*Schifando v. City of Los Angeles* (2003) 31 Cal.4th 1074, 1081.)  "If we find that an amendment could cure the defect, we conclude that the trial court abused its discretion and we reverse; if not, no abuse of discretion has occurred."  (*Ibid.*)

Here, the Abadis have not met their burden of showing a reasonable possibility of curing the insufficient defense to the complaint's allegations.  They have not proposed any amendment that would remedy this defect.  Moreover, the trial court had previously granted the Abadis leave to amend their answer.  The Abadis were alerted to the deficiencies in their answer because in the initial motion for judgment on the pleadings, U.S. Bank specifically argued that a general denial was insufficient. Nonetheless, the Abadis did not cure this defect in their amended answers.  (See *Tudor v. City of Rialto* (1958) 164 Cal.App.2d 807, 814 ["It is difficult to establish any clear rule as to just how far a trial court should go in aiding a pleader by detailed explanation

4

of defects in pleading.  However, where as here the demurrer itself and the authorities cited in support thereof before the trial court amply pointed out the defects and plaintiffs in their amended complaint failed to in any degree supply the deficiency shown, the trial court's action in refusing to permit amendment to the amended complaint will not be disturbed unless there has been a manifest abuse of discretion"].)  There was no abuse of discretion in denying leave to amend.

DISPOSITION

The judgment is affirmed.  Respondent shall recover costs on appeal.

NOT TO BE PUBLISHED.

GILBERT, P. J.

We concur:

YEGAN, J.

BALTODANO, J.

5

Mark S. Borrell, Judge

Superior Court County of Ventura

_____


    Law Offices of Frank A. Weiser and Frank A. Weiser for Defendants and Appellants.

    Wright, Finlay and Zak, Jonathan D. Fink and Lukasz I. Wozniak for Plaintiff and Respondent.