[Civ. No. 26056.    First Dist., Div. Four.    June 30, 1969.]

HENRY W. HELLBAUM et al., Plaintiffs and Appellants, v. LYTTON SAVINGS AND LOAN ASSOCIATION OF NORTHERN CALIFORNIA, Defendant and Respondent.

Robert C. Brunstein and Sandra J. Shapiro for Plaintiffs and Appellants.

Harvey Gilbert Cooper as Amicus Curiae on behalf of Plaintiffs and Appellants.

Edmund L. Regalia and Miller, Starr & Regalia for Defendant and Respondent.

CHRISTIAN, J.—Henry W. Hellbaum and Barbara Hellbaum Bunten appeal after their complaint for damages was dismissed upon the sustaining of a demurrer. The following narrative is taken from the complaint.

In March 1964, Leland Thompson and his wife executed a promissory note in the amount of $274,000 in favor of respondent Lytton Savings and Loan Association.. The note was secured by a deed of trust of real property owned by the Thompsons. It was prepared on a printed form containing a provision that in the event the obligors prepaid more than 20 percent of the original principal in any year, Lytton could require payment of an additional 180 days interest on the amount prepaid ''to compensate holder for expenses in the

loan." This fee for prepayment was expressly made applicable to any early payment which the debtors might be compelled to make under a right of acceleration established in Lytton by a provision in the deed of trust that the entire balance of the obligation could be declared due and payable by Lytton upon any transfer of the property.

Appellants succeeded to the rights and obligations of the Thompsons through transactions not here material; they contracted to sell the property for $295,000 to other parties and applied to respondent for approval of an assumption by the prospective purchasers of the $263,748.38 balance then remaining unpaid on the principal obligation. Appellants allege that they made this request because the parties to the proposed sale were financially unable to meet the combined burden of the prepayment option fee and the loan fees which would be imposed by any lender in connection with a new loan. Lytton responded that it would consent to the assumption without imposing acceleration and the attendant prepayment fee only if the buyers would pay a 5 percent assumption fee. The buyers refused this offer and ultimately withdrew from the proposed transaction. Appellants defaulted in their payments to Lytton and their interest in the property was sold at a trustee's sale.

Appellants then brought this action for damages in the amount of $31,000, representing the difference between the amount which would have been realized on the proposed sale and the amount owed under the secured promissory note. In three causes of action appellants sought relief upon the following alternative theories: (1) the provision for a prepayment fee upon accelerated payment required because of a transfer constituted an unlawful restraint on alienation; (2) the same provision constituted an unreasonable imposition of liquidated damages; (3) respondent acted negligently in processing the prospective buyers' application for assumption of the loan. A general demurrer was sustained as to each cause of action without leave to amend.

■ It is settled that an agreement not to encumber or transfer property, exacted by a lender to protect his security interest, is not an invalid restraint on alienation. That is so because the restraint is reasonably designed to protect the creditor's justifiable interest in maintaining the direct responsibility of the parties on whose credit the loan was made. (*Coast Bank* v. *Minderhout* (1964) 61 Cal.2d 311, 316 [38 Cal.Rptr. 505, 392 P.2d 265]). Conceding as much, appellants contend that the combined effect of Lytton's right to

accelerate upon transfer and its right to impose a fee for prepayment upon such acceleration is an unlawful restraint on alienation.

The right to accelerate bears the same relation to jusfiable interest as did the total restraint on alienation upheld in *Minderhout*. A lender incurs certain administrative costs in issuing a loan and setting up provision for its servicing. Those costs may reasonably be spread differently, in the lender's estimation, depending on the agreed-upon term of the loan. Hence the lender has a justifiable interest in motivating an intended long-term debtor to refrain from early payment ·of principal; that interest extends also to recovery, through a prepayment fee, of its net costs and loss of profit incurred by reason of early payment. We conclude that the terms complained of do not necessarily constitute an unreasonable restraint on alienation. The complaint does not allege that the fees proposed to be exacted were so large as to have no reasonable relation to the justifiable interests of the lender which we have mentioned. Perhaps a fact question could have been presented as to whether in effect the restraint was unreasonable (see Civ. Code, § 711). But none was presented in the first cause of action, and appellants' present position is not that amendment should have been allowed but that as a matter of law the restraint on alienation was invalid.

Appellants also point to such cases as *Freedman* v. *Rector etc. of St. Matthias Parish* (1951) 37 Cal.2d 16 [230 P.2d 629, 21 A.L.R.2d 1], holding that to assess against an intentionally defaulting vendee, charges exceeding the vendor's actual loss of performance, would amount to an unlawful imposition of punitive damages. In relation to their first and second causes of action appellants contend, citing a student note—*Secured Real Estate Loan Prepayment and the Prepayment Penalty,* 51 Cal.L.Rev. 923, 928—that this court should declare a new rule creating a cause of action for damages in order to protect debtors from imposition and abolish the apparent anomaly that under *Freedman* an intentionally defaulting debtor enjoys protections denied to a debtor who merely wishes to sell the encumbered property. But this argument ignores the fact that there was no breach of contract until appellants ultimately defaulted. The proposed accelerated payment or transfer upon approval by the lender would in either case have represented not a breach but an alternative means of performing the loan contract.

Finally, we find no support for appellants' contention

that the lender is subject to tort liability for negligence in the processing of the application for assumption by the proposed buyers. Respondent was under no duty to permit any assumption at all, and was not liable in tort for failure to act upon the application in any particular way.

The judgment is affirmed.

Devine, P. J., and Rattigan, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied August 27, 1969.