[Civ. No. 36669. Second Dist., Div. Two. Oct. 27, 1970.]

EDUARDO MORALES et al., Plaintiffs and Appellants, v.
GERONIMO CAMELLO et al., Defendants and Respondents.

[redacted]

## COUNSEL

Webb & Webb and James C. Webb for Plaintiffs and Appellants.

Lessin & Foley and John S. Garey for Defendants and Respondents.

## OPINION

**FLEMING, J.**—Action to quiet title, for declaratory relief, and for specific performance. Plaintiffs appeal an order striking their second amended complaint in its entirety and a judgment dismissing their action pursuant to Code of Civil Procedure section 581, subd. 3 for failure to amend within the time allowed. This appeal is properly taken, for an appeal lies from an order striking an entire complaint (*Honan* v. *Title Ins. & Trust Co.,* 9 Cal.App.2d 675 [50 P.2d 1068]) and from a dismissal which constitutes a judgment (Code Civ. Proc., § 581d).

Plaintiffs' second amended complaint in paragraph I refers to the first amended complaint, paragraphs I to VI, and includes "the whole thereof herein thereby." The first amended complaint in paragraph I refers to and includes the original complaint, paragraphs I to VIII, and also refers to and includes an amendment to the original complaint entitled "Addendum to Complaint." Additionally, plaintiffs' second amended complaint in paragraph VI refers to paragraphs I to V of the same pleading and includes "the whole thereof herein thereby." As previously noted, paragraph I of the second amended complaint refers to the first amended complaint, which in turn refers to the original complaint and to the amend-

ment to the original complaint. The trial court made the following order: "The Court . . . strikes the Second Amended Complaint in that it is improper for a pleading to refer to prior pleadings for substantial allegations or to incorporate them; each pleading must be complete in itself . . . Plaintiffs are granted twenty (20) days leave to file complete amended pleading." Plaintiffs did not amend. Instead, they moved that the trial court vacate its order "as provided for by Section 473 C.C.P." The trial court denied plaintiffs' motion and dismissed the action.

Plaintiffs contend the trial court exceeded its power in striking the second amended complaint, since reference to prior pleadings "is an accepted and approved manner of pleading," and consequently they have been wrongfully denied their day in court on the merits of their cause. We disagree.

There is authority for the proposition that a pleading *may* be valid even if it refers to prior pleadings. (*Ogier* v. *Pacific Oil & Gas etc. Corp.,* 132 Cal.App.2d 496 [282 P.2d 574]; *Cohen* v. *Superior Court,* 244 Cal.App.2d 650 [53 Cal.Rptr. 378].) However, it does not follow that a trial court cannot, in its discretion, require a party to write out his pleadings in full. In *Ogier, supra,* the original complaint contained 25 causes of action and was 24 pages long. The amended complaint incorporated the entire original complaint, only changing a single paragraph in the first 12 causes of action and another single paragraph in the next 12 causes of action. The court said: "No particular point would be gained by rewriting that complaint. It was perfectly obvious to court and counsel what was before the court. We can see no reason why the complaint as thus amended did not constitute a proper pleading." (*Ogier, supra,* at p. 499.)

The situation here differs from *Ogier,* in that the trial court did not find it "perfectly obvious . . . what was before the court." Averments from three prior pleadings were directly and indirectly incorporated by reference into a fourth. To clarify matters plaintiffs had only to write out a few extra pages in order to present their claims in a clear, straightforward manner and save the trial court from fumbling through four successive pleadings in an attempt to puzzle out plaintiffs' claims. For reasons which are not apparent to us plaintiffs chose to ignore the trial court's request to file a comprehensive pleading, a request communicated to them not only in the written order but also in two subsequent oral hearings. In refusing to comply with the trial court's request for a complete written pleading in one document, a request well within the bounds of the trial court's discretion, plaintiffs fell below minimum standards of compliance with court procedures required from litigants and their counsel and charted

a course which can best be described as trifling with the court. In persisting in that course plaintiffs brought about their own denial of a hearing on the merits of their cause.

The judgment is affirmed.

Roth, P. J., and Herndon, J., concurred.