[Civ. No. 41582. Second Dist., Div. Three. Apr. 9, 1974.]

STEPHEN Z. MEYERS et al., Plaintiffs and Appellants, v.
HOME SAVINGS AND LOAN ASSOCIATION et al.,
Defendants and Respondents.

**COUNSEL**

Stephen Z. Meyers and Meyers, Jacoby & Mosten for Plaintiffs and Appellants.

McKenna, Fitting & Finch, Bernard Kolbor, Daniel N. Belin, Aaron M. Peck, DeMarco, Barger & Beral, Kalmbach, DeMarco, Knapp & Chillingworth, Richard C. Greenberg, Gibson, Dunn & Crutcher, G. Edward Fitzgerald and Martin C. Washton for Defendants and Respondents.

**OPINION**

**ALLPORT, J.**—In a so-called class action plaintiffs seek to have the court declare that the "pre-payment penalties" required of persons seeking to pay loans in advance of the normal maturity dates in real estate loan contracts used by defendants are void as being in contravention of Civil Code section 1670.[1] The claims against eight federally chartered defendants were removed to the United States District Court pursuant to 28 United States Code section 1441(b). The balance of those, chartered under state law, demurred upon the ground that no cause of action was stated.

---

[1]Civil Code section 1670 provides: "Every contract by which the amount of damage to be paid, or other compensation to be made, for a breach of an obligation, is determined in anticipation thereof, is to that extent void, except as expressly provided in the next section."

Certain of these defendants also raised the question of proper parties plaintiff and defendant but for reasons to be stated herein we need not consider this ground or the effect of the lack of unanimity of defendants' claims in this respect. On April 12, 1972, all demurrers were sustained and plaintiffs given 10 days to amend. Upon failure of plaintiffs to amend a motion to dismiss pursuant to Code of Civil Procedure section 581 subdivision 3 was granted and an order of dismissal filed. Plaintiffs appeal from the order of dismissal. The order constitutes a judgment and is appealable. (Code Civ. Proc., §§ 581d, 904.1, subd. (a); *Morales* v. *Camello,* 12 Cal.App.3d 370, 371 [90 Cal.Rptr. 718].)

█ It is contended on appeal the "pre-payment penalty" provisions contained in all real estate loan contracts employed by defendants constitute liquidated damages in violation of California Civil Code section 1670 and are therefore void and since the complaint so alleged it was error to sustain the demurrers for failure to state a cause of action. We do not agree.

The typical "pre-payment penalty" clause is alleged to be as follows: "The holder of said promissory note agrees to accept additional payments provided, however, that in any calendar quarter in which payments made thereon exceed twenty (20%) percent of the original amount of said promissory note the holder will require the additional payment of an amount equal to 180 'days interest on such original amount at the rate of interest set forth hereinabove." The clear import of this provision is to give the borrower an option to either pay the note in the manner contemplated by the contract or to prepay the balance due upon condition that a surcharge be added for the privilege of exercising the option. The clause does not penalize for the "breach of an obligation" as contemplated by section 1670. No breach is involved in the prepayment transaction, only the exercise of the option given to the debtor for an alternative method of paying the debt. The bulk of plaintiff's arguments regarding the social and economic undesirable aspects of a loan transaction involving such a prepayment clause is more appropriately addressed to the Legislature than the courts and is not persuasive or controlling of our decision herein.

In *Lazzareschi Inv. Co.* v. *San Francisco Fed. Sav. & Loan Assn.,* 22 Cal.App.3d 303 [99 Cal.Rptr. 417], in upholding the validity of a similar prepayment requirement the court, inter alia, said at page 311: "Finally, we remark that the control of charges, if it be desirable, is better accomplished by statute or by regulation authorized by statute than by *ad hoc*

decisions of the courts. Legislative committees and an administrative officer charged with regulating an industry have better sources of gathering information and assessing its value than do courts in isolated cases. Besides, institutions which lend vast sums of money should be informed, not by judgments after the facts on a case-to-case basis, but by laws or regulations which are in existence in advance of the undertaking to execute loans, of the validity or invalidity of terms that are commonly used. Otherwise, the lending institutions themselves may be the object of lawsuits in which a penalty is demanded, as in the third cause of action in the present case in which plaintiff seeks punitive damages." (See also *Hellbaum* v. *Lytton Sav. & Loan Assn.*, 274 Cal.App.2d 456 [79 Cal.Rptr. 9].) In a reply brief plaintiffs refer to *Garrett* v. *Coast & Southern Fed. Sav. & Loan Assn.*, 9 Cal.3d 731 [108 Cal.Rptr. 845, 511 P.2d 1197]. *Garrett* involves a consideration of a loan agreement provision for the assessment of a percentage of the unpaid balance of the loan when an installment payment is in default and clearly involves the "breach of an obligation" contemplated by the code. In holding the provision invalid the court said at page 738: "Thus when it is manifest that a contract expressed to be performed in the alternative is in fact a contract contemplating but a single, definite performance with an additional charge contingent on the breach of that performance, the provision cannot escape examination in light of pertinent rules relative to the liquidation of damages. (*Paolilli* v. *Piscitelli* (1923) 45 R.I. 354, 359 [121 A. 531]; Williston on Contracts (3d ed.) § 781.)

"In the instant case, the only reasonable interpretation of the clause providing for imposition of an increased interest rate is that the parties agreed upon the rate which should govern the contract and then, realizing that the borrowers might fail to make timely payment, they further agreed that such borrowers were to pay an additional sum as damages for their breach which sum was determined by applying the increased rate to the entire unpaid principal balance. Inasmuch as this increased interest charge is assessed only upon default, it is invalid unless it meets the requirements of section 1671. (§§ 1670, 1671; see also *In re Tastyeast, Inc.* (3rd Cir. 1942) 126 F.2d 879, 882; *Conn. Mutual Life Ins. Co.* v. *Westerhoff* (1899) 58 Neb. 379, 382 [78 N.W. 724, 79 N.W. 731]; cf. Com. Code, § 2718; *Peary* v. *Aaron Burglar Alarm, Inc.* (1973) 32 Cal.App.3d 553 [108 Cal.Rptr. 242].)" (Fn. omitted.) Thus *Garrett* is clearly distinguishable from the instant case.

In view of our decision on the question presented by the general demurrers filed by each of the defendants, it becomes unnecessary for us to

consider the question of proper parties plaintiff or defendant presented by only a portion of the demurrers.

The judgment (order of dismissal) is affirmed.

Ford, P. J., and Loring, J.,* concurred.

Appellants' petition for a hearing by the Supreme Court was denied June 26, 1974. Mosk, J., was of the opinion that the petition should be granted.

---

*Assigned by the Chairman of the Judicial Council.