Filed 11/24/14  Kim v. Kim CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| MIN JUNG KIM, | B249127 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BC477350) |
| v. | |
| KYUNG SAE KIM, | |
| Defendant and Respondent. | |

APPEAL from an order of the Superior Court of Los Angeles County.  Robert L. Hess, Judge.  Affirmed.

Min Jung Kim, in pro. per., for Plaintiff and Appellant.

La Follette, Johnson, De Haas, Fesler & Ames, Christopher P. Wend, and David J. Ozeran for Defendant and Respondent.

\* \* \* \* \* \*

The trial court gave plaintiff Min Jung Kim (plaintiff) 10 days to file an amended complaint. When she did not, the court dismissed her case under Code of Civil Procedure section 581, subdivision (f)(2).  We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

In January 2012, plaintiff sued Kyung Sae Kim, M.D. (Dr. Kim) for (1) sexual battery; and (2) intentional infliction of emotional distress.  Plaintiff alleged that Dr. Kim had touched her inappropriately during a medical examination.

The trial court sustained demurrers to the original complaint and to the first amended complaint plaintiff filed thereafter.  The court dismissed the first amended complaint at a hearing, and gave plaintiff 10 days to file a second amended complaint. The day after the hearing, Dr. Kim served plaintiff with a notice of ruling reiterating the 10-day deadline.

Some 21 days passed without plaintiff filing a second amended complaint, plaintiff acknowledged missing this deadline in her opposition to Dr. Kim's then-pending motion to dismiss for discovery misconduct.  She explained that she had not filed a second amended complaint because she had never received a "filed minute order" reflecting the court's sustaining of the demurrer to the first amended complaint with leave to amend.  Dr. Kim, in his reply to the opposition, asked the court to dismiss plaintiff's complaint for the additional reason of the missed deadline.

The trial court convened a hearing, and dismissed plaintiff's complaint for failure to timely amend her complaint and as a sanction for abuse of the discovery process (namely, not providing written discovery responses and storming out of the deposition she was compelled by court order to attend).

This appeal followed.

## DISCUSSION

A trial court may dismiss a complaint with prejudice if it sustains a demurrer with leave to amend, the plaintiff does not file an amended complaint within the allotted time, and the defendant moves to dismiss.  (Code Civ. Proc., § 581, subd. (f)(2); *Cano v. Glover* (2006) 143 Cal.App.4th 326, 329-330.)  A dismissal on this ground is appealable

2

(*Meyers v. Home Sav. & Loan Ass'n* (1974) 38 Cal.App.3d 544, 546), and is reviewed for an abuse of discretion (*Gitmed v. General Motors Corp.* (1994) 26 Cal.App.4th 824, 827).

There was no abuse of discretion in this case. It is uncontested that plaintiff was given 10 days to file her second amended complaint and that she did not do so. This supports dismissal. (See *Leader v. Health Industries of America, Inc.* (2001) 89 Cal.App.4th 603, 613-614 [trial court acted within its discretion to dismiss an action under Code Civ. Proc., § 581, subd. (f)(2) where the plaintiff failed to file amended complaint by the court-ordered date].)

Plaintiff offers three arguments in response. First, she contends that the trial court should not have dismissed her complaint because she never received a copy of a minute order directing her to file an amended complaint. But receipt of a minute order is not required. What *is* required is notice, and plaintiff received it in this case because she was present at the hearing where the demurrer with leave to amend was sustained and because Dr. Kim served plaintiff with notice of that ruling the day after the hearing. Second, plaintiff asserts she encountered difficulty having her first amended complaint translated into English, but this provides no excuse as to why she never filed her *second* amended complaint. Lastly, we are unable to apply a more forgiving standard in light of plaintiff's status as a self-represented litigant. (See, e.g., *Kobayashi v. Superior Court* (2009) 175 Cal.App.4th 536, 543 ["Pro. per. litigants are held to the same standards as attorneys"]; *Gamet v. Blanchard* (2001) 91 Cal.App.4th 1276, 1284 [pro. per. litigants "are not entitled to special exemptions from the California Rules of Court or Code of Civil Procedure"].)

Because the dismissal is valid on this ground, we need not decide the propriety of the trial court's alternative basis of discovery abuse. (*Sutter Health Uninsured Pricing Cases* (2009) 171 Cal.App.4th 495, 513 ["one good reason is sufficient to sustain the order from which the appeal was taken"].)

## DISPOSITION

The order of dismissal is affirmed. Parties to bear their own costs on appeal.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, J.

HOFFSTADT

We concur:


_____, Acting P. J.

ASHMANN-GERST


_____, J.

CHAVEZ

4