Filed 3/2/16  Ruballos v. Ruballos CA2/8

## **NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

|  |  |
|---|---|
| ROSA RUBALLOS, | B261781 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BC531515) |
| v. | |
| WILFREDO RUBALLOS et al., | |
| Defendants and Respondents. | |

        APPEAL from an order of the Superior Court of Los Angeles County.  Suzanne G. Bruguera, Judge.  Affirmed.

        Henry W. Bockman for Plaintiff and Appellant.

        Law Offices of Bradford L. Treusch and Bradord L. Treusch, for Defendants and Respondents.

_____

Rosa Ruballos (plaintiff) appeals from a trial court order dismissing her complaint against Wilfredo Ruballos, Yensi Zaldana, Duglas Ruballos, and Ana Ruballos—her ex-husband's relatives (collectively "defendants").  The complaint arose out of a dispute between the parties regarding a five-year lease plaintiff's husband signed with his relatives, prior to the marital dissolution, allowing the relatives to occupy one-half of a duplex the couple owned.  Following the divorce, plaintiff unsuccessfully attempted to evict her husband and his relatives.  She lost an unlawful detainer action and was required to pay defendants' attorney fees, for what the court deemed was a frivolous suit.

Plaintiff subsequently filed the instant action, alleging defendants conspired to defraud her by secretly entering the lease.  Among other damages and forms of relief, plaintiff sought to recoup her attorney fees and the judgment against her from the unlawful detainer action.  The trial court sustained demurrers to the first two versions of the complaint, with leave to amend.  Plaintiff's second amended complaint was filed two days after the deadline set by the court.  The complaint was almost entirely unchanged from the previous version, except for the addition of a new claim for property damage to the rental unit.  The addition of this new claim was outside the scope of the amendment the court had authorized.  The trial court granted defendants' motion to strike the complaint and motion to dismiss, dismissing the complaint with prejudice.  We affirm the trial court order.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff and her husband, Jorge Ruballos, owned a duplex in Glendale.[1] According to plaintiff's complaint, in 2011, the couple began divorce proceedings. In 2012, Jorge executed a lease with defendants, leasing half of the duplex to them for a five-year term ("the lease").  In 2013, a judgment of dissolution was entered, terminating the marriage.  The judgment decreed plaintiff was to have exclusive use of the property. Jorge was to vacate the premises by February 2013.  Plaintiff attempted to evict

---

[1]     In the trial court, plaintiff identified herself as "Rosa Ruballos (Linares)."  For convenience and clarity, we refer to Rosa Ruballos as plaintiff and to Jorge Ruballos by his first name.

defendants from the duplex. In June 2013, following an unlawful detainer trial, the court found plaintiff's three-day notice to pay rent or quit was defective and not properly served on defendants; the lease was valid and in effect until 2017; the duplex had been community property owned by plaintiff and Jorge equally; plaintiff's eviction proceedings were not brought in good faith and constituted a retaliatory eviction; and plaintiff's testimony was not credible. Plaintiff's motion for reconsideration and a new trial was denied. The court also awarded defendants attorney fees due to plaintiff's filing of a frivolous lawsuit which was a "wrongful attempt to evict defendants from the leased premises."

In December 2013, plaintiff filed a complaint against Jorge and defendants for "damages; void lease; damages for conspiracy to defraud; [and] punitive/exemplary damages." The complaint alleged the lease was a "secret and unilateral lease" of community property and plaintiff was unaware of it until she filed the unlawful detainer action. According to the complaint, plaintiff believed defendants had only a month to month lease. Plaintiff asserted: "As a result the judgment in the unlawful detainer action, based upon the defendants [*sic*] then use of the secret lease . . . to defeat the plaintiffs [*sic*] entitlement of exclusive use and possession of the premises, plaintiff suffered the loss of attorney's fees to prosecute said action in the sum of approximately $8,000.00 plus the loss of fees/costs awarded to defendants in the unlawful detainer action of $6,825.00." The complaint alleged defendants, intending to "defraud the plaintiff of her property rights," conspired to violate Jorge's fiduciary duty to plaintiff by executing the lease, for below market rent, in spite of the pending divorce action. The complaint sought a determination that the lease was void, damages to compensate for the artificially low rent, and punitive damages, among other forms of relief.

Defendants demurred to the complaint, arguing it was barred by res judicata. They contended the issues raised in the complaint had already been litigated and resolved in the unlawful detainer action. The trial court sustained the demurrer with leave to amend.

3

The first amended complaint, filed in July 2014, was styled as for "damages; fraud/conspiracy: aiding and abetting; [and] punitive/exemplary [damages]." The amended complaint eliminated Jorge as a defendant and deleted allegations that the remaining defendants had conspired or aided and abetted Jorge's breach of fiduciary duty. The deleted allegations were replaced with the allegation that, "with the intent to obtain for themselves and to defraud the plaintiff of her property rights," defendants conspired to "secretly and unilaterally assist, aid and abet and benefit from the act of [Jorge] to lease, acquire and use for themselves [the lease], so as to maintain their occupancy and low rent. . . ."

The amended complaint alleged defendants vacated the premises in February 2014. While the amended complaint no longer contained a separate paragraph requesting that the court void the lease, it still requested a declaration as to the lease's invalidity in the prayer for relief. It also continued to allege that because plaintiff did not know of the lease, she incurred attorney fees to prosecute the unlawful detainer action and had to pay defendants' attorney fees when she lost the unlawful detainer action.[2] Defendants again demurred, arguing the complaint was still barred by res judicata. They also contended plaintiff failed to plead fraud with particularity. On October 29, 2014, the trial court sustained the demurrer with 20 days' leave to amend.

On November 18, 2014, plaintiff's counsel served the complaint on defendants by mail. Counsel also mailed the second amended complaint to the court. As a result, the complaint was filed on November 20, 2014, two days after the 20-day deadline. The second amended complaint added a new claim for "damages to rental unit." The complaint alleged that during defendants' residency they damaged the property, causing plaintiff to have to repair and replace kitchen cabinets, all of the carpet, and requiring her to "rebuild and replace" a bathroom. The complaint alleged the damage

---

[2] The prayer for relief in both versions of the complaint specifically sought the amount of defendants' attorney fees plaintiff had been ordered to pay in the unlawful detainer action.

4

totaled $20,000. It further described the lease as "fraudulent" in addition to being secret, but added no new facts to accompany the allegation.

On December 12, 2014, defendants filed an ex parte application seeking to strike the complaint and dismiss the action. Defendants asserted the new claim for property damage exceeded the scope of the amendment the court had authorized to address the defects in the first amended complaint, and was therefore subject to a motion to strike under Code of Civil Procedure section 436. They further argued the second amended complaint was untimely filed and subject to a motion to strike pursuant to California Rules of Court, rule 3.1320(i). Defendants asked the court to dismiss the action pursuant to Code of Civil Procedure section 581, subdivision (f)(2) and (4).[3]

The court set an expedited briefing and hearing schedule, rather than resolving the motion at the initial ex parte hearing. On December 15, plaintiff filed an opposition to the motion to strike and dismiss. The opposition conceded the second amended complaint was filed two days late, but described the issue as "much ado about very little," and a "pleading tiff."[4] Plaintiff argued the ex parte motion was improper because, under court rules, a noticed motion was required. The opposition also asserted the second amended complaint did not add a new cause of action, but instead concerned the same "primary right," specifically the right "to be compensated for damages for loss and damage to the property in any form." Plaintiff asserted it would be a waste of court resources for her to have to file a separate complaint against defendants to seek relief for the damage to the property. Alternatively, plaintiff requested leave to file a third amended complaint to add the property damage claim.

---

[3]     All further statutory references are to the Code of Civil Procedure.

[4]     According to the opposition, defendant's responsive pleading was due on December 3. The opposition asserts that on December 9, defense counsel "threatened" to move ex parte for the dismissal of the second amended complaint. On December 10, plaintiff filed a request for entry of default. On December 12, defendants filed their ex parte application to strike and dismiss the second amended complaint.

5

In an accompanying declaration, plaintiff's counsel stated that while mailing the second amended complaint to the court was his error: "it was a practice that I had followed in my 38 years as a practicing attorney. No one, and no court, ever complained before this." He asserted defendants had suffered no injury, and, if the motion to strike was granted, plaintiff would have to file another separate action to recoup the damages to her property, thus granting leave to amend was appropriate.

Following a hearing on December 17, the trial court granted defendants' motion to dismiss the action with prejudice. The order, which was written, signed, and filed, included the note: "Plaintiff failed to amend complaint upon having been given 20 days to amend. Amended complaint with a new cause of action filed without leave of court." Plaintiff's timely appeal followed.

## DISCUSSION

Plaintiff contends the trial court abused its discretion in striking and dismissing her complaint. We find no abuse of discretion.

We review a trial court's order on a motion to strike under section 436, subdivision (b), or motion to dismiss under section 581, subdivision (f), for an abuse of discretion. (*Leader v. Health Industries of America, Inc.* (2001) 89 Cal.App.4th 603, 612 (*Leader*).) "[T]he reviewing court will disturb the ruling only upon a showing of a ' " 'clear case of abuse' " ' and a ' " 'miscarriage of justice.' " ' [Citations.] Discretion is abused only when, in its exercise, the trial court ' "exceed[ed] the bounds of reason, all of the circumstances before it being considered." ' [Citation.]" (*Quiroz v. Seventh Ave. Center* (2006) 140 Cal.App.4th 1256, 1282.)

" ' "The discretion of a trial judge is not a whimsical, uncontrolled power, but a legal discretion, which is subject to the limitations of legal principles governing the subject of its action, and to reversal on appeal where no reasonable basis for the action is shown. [Citations.] " ' [Citations.] The scope of discretion always resides in the particular law being applied, i.e., in the 'legal principles governing the subject of [the] action. . . .' Action that transgresses the confines of the applicable principles of law is outside the scope of discretion and we call such action an 'abuse' of discretion.

6

[Citation.] If the trial court is mistaken about the scope of its discretion, the mistaken position may be 'reasonable', i.e., one as to which reasonable judges could differ. [Citation.] But if the trial court acts in accord with its mistaken view the action is nonetheless error; it is wrong on the law." (*City of Sacramento v. Drew* (1989) 207 Cal.App.3d 1287, 1297-1298.) It is the appellant's burden to establish an abuse of discretion. (*Harding v. Collazo* (1986) 177 Cal.App.3d 1044, 1054.)

In accordance with these principles, we can find no abuse of discretion in the trial court order striking and dismissing the second amended complaint. The second amended complaint was the third iteration of a complaint that continued to attempt to litigate an issue defendants argued had been addressed in a prior action—the validity and propriety of the lease. The second version of the complaint eliminated Jorge as a defendant and the breach of fiduciary duty language. But it still sought to invalidate the lease and alleged only that defendants had assisted or aided and abetted Jorge's act in fraudulently leasing the property to them for low rent. Although the trial court sustained the demurrer to the second version of the complaint, the third version was nearly identical, with the exception of the addition of the new cause of action for property damage. The only other remotely substantive change was the addition of the word "fraudulent" in the description of the lease, yet no new facts or allegations were included to address the defects that were fatal to the first and second versions of the complaint.

Plaintiff's second amended complaint did not meaningfully amend the cause of action which was pleaded in the first amended complaint, and to which the demurrer was sustained. The court properly dismissed the complaint as to those portions that were not amended, since "[t]he failure to amend and state a cause of action against defendant is an admission that plaintiff has stated the case as strongly as he can and there are no facts that could be alleged to cure the defect."[5] (*Cano v. Glover* (2006) 143 Cal.App.4th 326, 330.)

---

[5] Plaintiff could have opted not to amend the first amended complaint and, from a subsequent dismissal, challenged the trial court's order sustaining the demurrer. She did not take that approach, instead choosing to amend the complaint again. (*Otworth v. Southern Pac. Transportation Co.* (1985) 166 Cal.App.3d 452, 457.) On appeal, plaintiff

7

Further, it is well established that when the trial court sustains a demurrer to a complaint with leave to amend, the plaintiff may only amend as authorized by the court's order. "It is the rule that when a trial court sustains a demurrer with leave to amend, the scope of the grant of leave is ordinarily a limited one. It gives the pleader an opportunity to cure the defects in the particular causes of action to which the demurrer was sustained, but that is all." (*Community Water Coalition v. Santa Cruz County Local Agency Formation Com.* (2011) 200 Cal.App.4th 1317, 1329.) "The plaintiff may not amend the complaint to add a new cause of action without having obtained permission to do so, unless the new cause of action is within the scope of the order granting leave to amend." (*Harris v. Wachovia Mortgage, FSB* (2010) 185 Cal.App.4th 1018, 1023 (*Harris*); *People Ex Rel. Dept. of Pub. Wks. v. Clausen* (1967) 248 Cal.App.2d 770, 785 [grant of leave to amend after demurrer is sustained must be construed as permission to amend the cause of action which was pleaded in the pleading to which the demurrer was sustained].) Thus, for example, in *Harris, supra,* 185 Cal.App.4th 1018, the appellate court concluded the trial court properly sustained a demurrer to a newly added cause of action, *without leave to amend*, where the addition of the new claim exceeded the scope of the trial court's order sustaining a demurrer to the complaint with leave to amend. (*Id.* at pp. 1022-1023.)

When a plaintiff files a complaint that includes an unauthorized amendment, the unauthorized portions may be subject to a motion to strike. Under section 436, subdivision (b), a party may challenge, by motion to strike, "all or any part of any pleading not drawn or filed in conformity with the laws of this state, a court rule, or an

does not argue the trial court erred in sustaining the demurrer to the first amended complaint. Without specifically arguing the substantive ruling was in error, or offering any other relevant context, plaintiff's opening brief argues civil conspiracy and aiding and abetting are not the same legal theory and plaintiff adequately pled defendants aided and abetted Jorge in defrauding her. This argument ignores that the primary bases of the demurrers to the first two versions of the complaint were res judicata and the failure to plead fraud with the requisite particularity. Plaintiff does not address either basis in her appellate briefing.

order of the court." "This provision is commonly invoked to challenge pleadings filed in violation of a deadline, court order, or requirement of prior leave of court."**6** (*Ferraro v. Camarlinghi* (2008) 161 Cal.App.4th 509, 528.)

We disagree that the property damage claim was within the scope of the court's order because it related to the same "primary right" as the previously asserted cause of action. Whether a claim is part of the same cause of action on the primary rights theory typically concerns the application of res judicata. (See e.g., *South Sutter, LLC v. LJ Sutter Partners, L.P.* (2011) 193 Cal.App.4th 634, 660; *Nakash v. Superior Court* (1987) 196 Cal.App.3d 59, 68.) The issue at this juncture is not res judicata, but the scope of the trial court's order granting plaintiff leave to amend. The allegations concerning property damage raised an entirely new theory of liability, seeking damages completely unrelated to those identified in the first two versions of the complaint. (Cf. *Patrick v. Alacer Corp.* (2008) 167 Cal.App.4th 995, 1015 [plaintiff "may not have been free to add any cause of action under the sun to her complaint," but court should have allowed her to add a cause of action that directly responded to the court's reason for sustaining the earlier demurrer].)

---

**6** On appeal, plaintiff contends the trial court erred in granting the motion to strike and dismiss because it was filed ex parte. However, California Rules of Court, rule 3.1320(i), upon which plaintiff relies, concerns motions to strike an amended complaint filed after the court's deadline to amend. As explained above, because the only amendment to the complaint was the addition of a new claim which exceeded the scope of the court's order granting leave to amend, the court was authorized to strike and dismiss the complaint, and we need not consider the propriety of the court's ruling on the alternative ground that the amended pleading was untimely filed. Further, even if rule 3.1320(i) applied to require a noticed motion here, we would find no prejudicial error. Although defendants filed an ex parte application seeking to strike and dismiss the second amended complaint, the trial court did not resolve the motion on an ex parte basis. Instead, the court allowed for a full and complete briefing from both sides, and conducted a hearing several days after the application was filed.

Given the record before us, we must presume the trial court's order gave plaintiff leave to amend the theory of liability asserted in the first amended complaint and nothing more.[7] The addition of a claim for property damage was beyond the scope of the court's order allowing plaintiff leave to amend and was properly stricken. Since the remainder of the complaint was unchanged from the previous version, to which the demurrer had been sustained, dismissal was appropriate.

Finally, we find no abuse of discretion in the trial court's rejection of plaintiff's belated request for leave to amend to add the property damage claim. As in *Harris*, the trial court could properly reject the new claim for going beyond the scope of the court's prior order, without granting further leave to amend. Although leave to amend is generally liberally granted, the trial court also has the authority to control the proceedings before it. (*Morales v. Camello* (1970) 12 Cal.App.3d 370, 373-374; *Sousa v. Capital Co.* (1963) 220 Cal.App.2d 744, 755.) Plaintiff could have sought leave to add the new claim before the deadline for filing the second amended complaint. She did not. In fact, she did not acknowledge leave to add a new claim was required until defendants moved to strike. Leave to amend and add a new claim was required; plaintiff did not seek such leave and instead simply added the new claim. The trial court was authorized to reject the amendment. (*Harris, supra,* 185 Cal.App.4th at pp. 1022-1023; *Leader, supra,* 89 Cal.App.4th at p. 613 [court may strike an amended pleading when no request for permission to amend was sought].) Plaintiff has not established that this ruling was an abuse of discretion.

---

[7] The record does not include a transcript of any of the hearings on the demurrers and the court's written orders sustaining the demurrers with leave to amend are brief. On appeal we do not presume error; we also draw every reasonable inference in favor of the judgment. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) In light of the trial court's ultimate ruling, we must conclude the order sustaining the demurrer to the first amended complaint with leave to amend was not broad enough in scope to allow an amendment to add a new cause of action.

10

In sum, the trial court sustained a demurrer to the first amended complaint with leave to amend. The first amended complaint alleged only a claim for some form of conspiracy or aiding and abetting fraud. Plaintiff untimely filed a second amended complaint that did not substantively modify the existing allegations or claim, thereby subjecting that claim to dismissal. The second amended complaint only added a new cause of action based on entirely different facts. This amendment went beyond what the trial court authorized. The court may strike amendments to a complaint that go beyond the court's order granting leave to amend. The court's actions in striking and dismissing the complaint were authorized by law. We cannot conclude the trial court ruling striking and dismissing the complaint showed a clear case of abuse or a miscarriage of justice.

## DISPOSITION

The trial court order is affirmed. Respondents are awarded costs on appeal.

BIGELOW, P.J.

We concur:

RUBIN, J.

FLIER, J.

11